STATEMENT.
An original bill of complaint against the tax collector was filed herein, June 29, 1933. The amended bill was filed July 17, 1933.
The complainant below, appellant here, in effect alleges: That he is a non-resident owner of and taxpayer upon real estate and also of personal property consisting of furniture and equipment in hotels in the City of Orlando, Orange County, Florida; that he has paid his real estate tax for 1932; that he owns no personal property located in the county which was omitted from the State and county tax roll for 1932, save two second-hand tractors and harrows the true cash value of all of which on January 1, 1932, was $120.00; that the total valuation of all real estate on the State and county assessment roll for 1932 was fixed by the county tax assessor at $19,673,840.00; that the total assessed valuation of all personal property located in the county for 1932 is $1,773,304.00, consisting of a public utility assessment by Comptroller of $758,534.00, and an assessment by the county tax assessor of all other personal property in the county aggregating $1,014,770.00; that in *Page 178 
the assessment of the real and personal taxable property in Orange County for 1932, the tax assessor "deliberately and intentionally omitted from said tax assessment roll for said year many millions of dollars of value of properly taxable personal property; that the failure to properly assess all taxable personal property in the county "is not due to errors of judgment or incorrectness or unintentional inequalities in assessment but is the result of a deliberate scheme, and an intentional and systematic denial to persons in the same situation with others of that uniformity which the law requires;" that "the failure of the said tax assessor to assess and the said tax roll to contain, all of the taxable property in Orange County, Florida, subject to taxation upon a fair proportionate basis of valuation, is an intentional failure on the part of the said officer to include in said tax assessment roll many tracts of land and many articles of personal property which the said tax assessor well knew should have been assessed for taxation purposes; that said omission of said taxable property from said tax roll was known to the Board of County Commissioners for Orange County, Florida, at the time that said tax roll was presented in July, 1932, for equalization purposes, and at the later time when said board accepted said assessment roll as correct and levied the county taxes for the year 1932." That plaintiff attaches a comparative table for 1932 of taxable personal property located in the city according to the city tax roll and according to State and county roll for 1932; that the city assessments are far greater than those for the State and county; that all of the persons assessed on said city roll were properly assessed and that the amounts for which they were assessed on the city roll were in all cases certainly no more than the fair value of their taxable property;" that "both the city assessor and State and county assessor *Page 179 
exempted $500.00 in value of household goods as required by the 1930 amendment to Section 11, Article IX, of the State Constitution. Using the city assessment valuation as 100 per cent of the cash value of the property assessed, approximately $1,000,000.00 of taxable personal property in the City of Orlando alone was omitted from the State and county tax roll for the year 1932, which was shown on the city assessment roll for 1932, and on a 25 per cent basis, $250,000.00 of taxable valuations of personal property were omitted from the State and county tax roll of Orange County, Florida, for the year 1932 in the City of Orlando alone;" that Orange County "embraces within its borders additional towns, communities and municipalities, including, among others, the City of Winter Garden, City of Ocoee, the City of Winter Park, the community of Pine Castle, the community of Taft, the community of Bithlo and the community of Maitland, in each of which there is located an appreciable amount of taxable personal property, a large proportion of which plaintiff charges was deliberately and intentionally omitted by the tax assessor of Orange County, Florida, from the State and county tax rolls of Orange County, Florida, for the year 1932"; that the omission to assess said personal property for the Orange County, Florida, assessment roll for 1932 was not an inadvertence or an error or oversight. It was brought to the attention of the said county tax assessor during the period that he was preparing said tax assessment roll that much taxable property was being omitted and being underassessed; that the State and county assessment roll for Orange County "for 1932 is practically a copy of the Orange County, Florida, assessment roll for 1931. No effort was made by the tax assessor of Orange County, Florida, to correct or change the errors of valuation existing in the 1931 assessment roll," that *Page 180 
"for many years last past, it has been the continued practice of said County Assessor of Taxes for Orange County, Florida, to prepare his tax roll for each year from the tax roll of the preceding year, without any independent or new inquiry into the taxable property to be assessed for the current year;" that "with regard to real estate, this is a serious matter, in view of the various changes of ownership and changes in value and constant improvements and deterioration in the real estate assessed from year to year; with regard to personal property, however, this practice is a still more serious violation, in spirit as well as in letter, of the tax laws, for the reason that taxable personal property is assessed to individuals and of the individuals assessed in any one year some die each year, and some move away each year. Moreover, the personal property assessments being largely assessments of stocks of merchandise, same are subject to fluctuations in prices and turnover. Thus it is a fact, that the Orange County, Florida, personal property assessment roll for the year 1932, is replete with fictitious assessments against deceased persons, and against persons who have moved away, or disposed of their personal property, or who have gone into bankruptcy or who have otherwise become non-chargeable with the taxes assessed against them; on the other hand, hundreds of persons have in past years settled in Orange County, Florida, and become taxable in this county, who are omitted from said assessment roll for 1932 because they did not appear on the assessment roll for 1931, when they were not taxable in the County of Orange and State of Florida; as an example that the Board of County Commissioners were fully cognizant of the fact that the Tax Assessor of Orange County, Florida, was omitting personal property from the tax assessment roll of Orange County, Florida, for 1932, plaintiff cites the *Page 181 
case of V. W. Estes, then Chairman of the Board of County Commissioners, whose name appears on the city tax roll for 1932 as owning taxable personal property of the assessed value of $1,350.00 for household personal property and $325.00 for office personal property. Yet said Chairman of the Board of County Commissioners was entirely omitted from the personal property tax roll of Orange County, Florida, for the year 1932. Again E. O. Tanner, S. S. Sadler, R. M. Shearer and Arthur E. Clerk, the other four members of the Board of County Commissioners of Orange County, Florida, who assisted in equalizing the Orange County, Florida, tax roll for 1932, owned personal property taxable in Orange County, Florida, which should have been taxed for 1932, yet their names are omitted from the 1932 personal tax assessment roll; again, the county tax assessor has wholly failed and omitted to assess himself for taxable personal property on the assessment roll for the year 1932, although plaintiff alleges the fact to be that said county tax assessor owned taxable property for said year, and well knew that he was taxable therefor; that on a fair conservative valuation of all personal property in Orange County, Florida, deliberately and intentionally omitted from the said State and County tax roll for 1932, according to a systematic plan to omit the same, carried out by the tax assessor and joined in by the County Commissioners of Orange County, Florida, many millions of dollars of taxable personal property, properly taxable as of January 1, 1932, were deliberately and intentionally omitted from said State and county assessment roll for 1932." "That the tax assessment roll for Orange County, Florida, as compared with reference to taxable personal property violates the provision of Section 1 of Article IX and Sections 1, 12 of the Declaration of Rights of the Florida Constitution, and Section 10 of Article *Page 182 
I of the United States Constitution and the Fifteenth Amendment to said Constitution of the United States; and plaintiff further says that any enforcement by the defendant of said personal property tax on the tax assessment roll for the year 1932 likewise constitutes a violation of each of said constitutional rights and prerogatives of the plaintiff and those situated like the plaintiff; that the defendant is now threatening to enforce the collection as against the plaintiff and others in like situation of personal property taxes purported to be levied or assessed in said Orange County, Florida, assessment roll of 1932; and that assessment roll is void, and any enforcement thereof will constitute a cloud upon the title of the plaintiff to the personal property that he owns in Orange County, Florida, and will likewise be a violation of plaintiff's constitutional rights as aforesaid; that the assessment roll for 1932 as prepared by the tax assessor for Orange County, Florida, constitutes a fraud on the plaintiff and others in like situation who have been assessed on personal property, in this, that thousands of other persons who owned taxable personal property in Orange County, Florida, on the 1st day of January, 1932, not exempt from taxation, were deliberately and intentionally omitted from the tax assessment roll pursuant to a willful and intentional course of conduct and assessment by said tax assessor to omit said other persons and said other taxable personal property. Said fraud has resulted in prejudice to the plaintiff, and others in like situation, in that the plaintiff is required to pay an additional and higher tax than he would be required to pay if the omitted persons and additional property were properly assessed on said tax assessment roll.
The prayer is that:
"49. This Court will find that the entire assessment roll *Page 183 
of the County of Orange and State of Florida for the year 1932 is void for failure of the county officials charged with the preparation and approval thereof, viz: the County Tax Assessor and Board of County Commissioners of Orange County, Florida, to obey the constitutional mandate as contained in Section 1 of Article IX of the Constitution requiring a uniform and equal rate of taxation, and for failure of said persons, so charged, to assess all of the non-exempt personal property subject to taxation for said year in the county, due not to inadvertence, error or incorrectness or oversight, but to a deliberate purpose on the part of said Tax Assessor to omit large portions of the known taxable non-exempt personal property from said roll; and that this Court will further find the roll void for the further reasons set out herein, including particularly because of the aforesaid several violations of plaintiff's constitutional rights.
"50. This Court will find that the tax assessment of E. S. Hackney, and others in like situation with himself, for personal taxes for the year 1932 is void on account of the deliberate and intentional omission from the tax roll of Orange County, Florida, for the year 1932 of a large amount of taxable non-exempt personal property from said roll.
"51. This Court will fix and determine the liability of the plaintiff, if any, with reference to his personal taxes for 1932, and will afford to the plaintiff a reasonable opportunity to comply with the final determination of the Court in the premises.
"52. This Court will cause such re-assessment to be made on such acts, steps and revisions to be taken as may be appropriate and necessary in order that this Court may determine the liability of the plaintiff, and others in like situation, with reference to taxable non-exempt personal property for 1932. *Page 184 
"53. This Court will temporarily restrain, temporarily enjoin and permanently enjoin the defendant tax collector, his servants, agents, attorneys, representatives and employees from collecting or attempting to collect said taxes, and from levying upon or clouding the title to the property of the plaintiff, and others in like situation, in connection with the tax assessment roll for personal taxes for 1932.
"54. This Court will cancel the lien or charge, and the attempted levy or assessment of all personal taxes attempted to be made by tax assessment roll for Orange County, Florida, for the year 1932 as against the plaintiff, and others in like situation, for reasons more fully set forth in the bill.
"55. This court will protect the plaintiff in and about his several rights, privileges and constitutional prerogatives in the premises as hereinabove set forth, and will not permit the constitutional rights of the plaintiff, and others in like situation, to be infringed, or violated by the defendant either in reference to due process of law, equal protection of the laws or the taxation clauses of the Florida State Constitution or the Constitution of the United States of America."
Defendant moved to dismiss the bill of complaint on grounds:
"1. The bill is without equity.
"2. The plaintiff claims that the assessment roll is void, and therefore he has an adequate remedy at law.
"3. According to the allegations of the bill, a complete and proper assessment would reduce plaintiff's taxes only $6.30, which sum is beneath the dignity of a court of equity.
"4. Plaintiff fails to allege that his real estate was assessed correctly or at a value higher than like property.
"5. Plaintiff fails to allege the true value of his personal property, or otherwise show that it is not assessed at a less value than other like property is assessed. *Page 185 
"6. Plaintiff fails to show that he made any return of his property, or made complaint to the board of county commissioners sitting as a board of equalization.
"7. The bill fails to show any intentional, deliberate and systematic omission or undervaluation of a particular class of property, or of property owned by a particular class of taxpayers, but alleges the same only by way of conclusions.
"8. Every allegation, material to the relief sought, is stated wholly by way of conclusions.
"9. At most the bill shows that some personal property was omitted from the rolls, but there is no showing, except by way of conclusions, that there was any intentional systematic course pursued by the assessor to omit any class of personal property, or any class of owners."
The motion to dismiss and a temporary injunction were denied. Defendant by answer denied the essential allegations of the bill of complaint and averred matters in defense of the bill.
Voluminous evidence was adduced and the following decree was rendered:
"This cause came on to be heard on the bill, answer and the oral and documentary evidence offered by the respective parties, and the Court being now sufficiently advised in the premises, finds that the evidence fails to show that the tax assessor of Orange County intentionally and arbitrarily omitted personal property from the tax rolls of said county, and that the evidence further shows that the said tax assessor acted in good faith, without any intent to impose additional or unequal burdens on plaintiff and other tax payers in preparing said tax roll, and the Court finds the equities to be with the defendant. The said findings are based upon a full and complete hearing of all evidence offered by the parties. *Page 186 
"It is therefore CONSIDERED, ORDERED and DECREED that the bill of complaint be, and the same is hereby, dismissed for want of equity, and it is further CONSIDERED, ORDERED and DECREED that the defendant do have and recover its costs herein expended, to be taxed by the Clerk of this Court."
Complainant appealed and assigns as error the denial of a temporary injunction and the dismissal of the bill of complaint.
The decree appealed from, dismissed on final hearing a bill of complaint which sought to enjoin the collection of personal property taxes on the ground that the assessment roll is invalid, because of illegal valuations of personal property for assessment purposes and because much personal property of large values subject to taxation was intentionally not assessed.
Primarily it should be determined whether the appellant is entitled to the relief he prays when he did not institute this suit until June 29, 1933, when the assessment roll for 1932 was completed in 1932 and taxes thereon have been collectable since November 1, 1932, and when the complainant could have sought relief, if entitled to it, by application to the administrative taxing officials or to the courts in appropriate procedure before his lawful taxes which under the statute are a continuing lien upon his property until the lawful taxes are paid in full, had become long past due and after other taxpayers had paid their taxes as assessed on the tax roll which is here sought to have decreed void in its entirety and after the statutory tax collection period for the taxes of 1932 had passed.
Where tax assessments are unauthorized and void they may be enjoined at any time. As where national banks and their stock shares are assessed in violation of the Acts of *Page 187 
Congress permitting national banks and their stock shares to be taxed upon prescribed conditions, Roberts v. American National Bank, 97 Fla. 411, 121 So. 554; or where a tax levy as made is not authorized by a valid law; or where though a tax levy be duly authorized by law, the illegality of the tax roll because of affirmative wrongdoing by the taxing officials, and not mere incorrectness or specific instances of unfairness in the assessment as made, is duly shown. There may be other instances in which a tax levy is void and relief from it may be had at any time when the right to redress has not been waived or otherwise lost.
But where a tax assessment is voidable and not per se void as where it is made in good faith but is irregular or unfair, the taxpayer must move in due time and must make a full and clear showing of right to appropriate relief.
The law presumes that taxing officials faithfully perform their official duties; and when the correctness of their official acts is challenged, the burden of proper allegation and sufficient proof is upon the complaining party. Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 503; City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115.
While equity will give appropriate relief against illegality or intentional or systematic gross injustice in imposing taxes, it will not afford immunity from taxation merely because there may be some inequality in assessments. The duty to bear a just share of taxation, justice to other taxpayers, and the requirements of government make it inequitable to give relief from all taxation because there may be some inequality in an assessment roll, which if it in fact existed, could have been remedied by pursuing administrative or other processes in time for proper assessments to be made, so that, as contemplated by law, all may appropriately share *Page 188 
tax burdens that are necessary to efficient government for the protection of the personal and property rights of all. Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 Sou. Rep. 439 (opinion filed November 13, 1933, at the present term); First Trust Co. v. Souder, 112 Fla. 393, 150 Sou. Rep. 590 (opinion filed October 18, 1933).
"The law contemplates that a wide discretion be accorded to the tax assessor in the valuation of property for the purpose of taxation. In the absence of a clear and positive showing of fraud or of an illegal act or of an abuse of discretion rendering an assessment authorized by law so arbitrary and discriminating as to amount to a fraud upon a taxpayer or to a denial of the equal protection of the law, the courts will not in general control the discretion of the tax assessor in making valuations for taxing purposes. The burdens of taxation cannot be made exactly equal." German-American Lumber Co., et al., v. Barbee, 59 Fla. 493, H. N. 1, 52 So. 292. See also Harjim, Inc., v. Owens, 64 F.2d 306.
The Constitution provides that "there shall be exempt from taxation to the head of a family residing in this State, household goods and personal effects to the value of Five Hundred ($500.00) Dollars." Section 11, Article IX, adopted at the general election of 1924. Page 483, Acts of 1923.
The organic provision means that in making assessments of personal property for taxation the head of a family residing in this State shall be allowed an exemption of "household goods and personal effects to the value of five hundred dollars," such value of $500.00 to be deducted from the total assessable value of the household goods and personal effects of the head of a family residing in this State. For example, if the head of a family residing in *Page 189 
this State has "household goods and personal effects" of the value of $1,200.00 and the assessment value is 50 per cent thereof or $600.00, the exempt value of $500.00 is to be deducted from the $600.00 assessment value, leaving the remainder of $100.00 to be assessed for taxation.
The bill of complaint contains allegations that required a response if the complainant is not in laches, therefore the court will not be held in error for denying the motion to dismiss the bill of complaint for insufficiency as a pleading.
State and county tax levies had been duly authorized by law. The proper officials made and approved the assessments and the complainant did not duly complain of the alleged improper assessments as made when he should have done so in justice to all concerned.
The evidence does not clearly show as against the findings of the chancellor that affirmative acts of wrongdoing by the taxing officials were of such a nature as to invalidate the tax roll; and while the complainant without proper predicate therefor does pray that the "court will fix and determine the liability of the plaintiff, if any, with reference to his personal taxes for 1932" he did not pay or offer to pay the amount of taxes that constitute a valid lien upon the property as was done and approved in L. N. Ry. Co. v. Amos, 98 Fla. 350, 123 So. 745. The decree appealed from is affirmed.
DAVIS, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.
BROWN, J., not participating because of illness.
 ON PETITION FOR REHEARING.