**DR. WILLIAM HOWARD HAY FOUNDATION, INC.,** a corporation organized and existing under the laws of the State of Delaware, v. **CHARLES A. WILCOX,** Tax Assessor of Pinellas County, Florida, **J. B. STARKEY,** Tax Collector of Pinellas County, Florida, and **J. M. LEE,** Comptroller of the State of Florida.

24 So. (2nd) 237                June Term, 1945
December 18, 1945                      En Banc
Rehearing denied January 10, 1946

*R. Wilson Evans* for appellant and petitioner.

*Fisher & Sauls* for Charles A. Wilcox, Tax Assessor of Pinellas County, Florida, *John C. Blocker* for J. M. Lee, Comptroller, and *Carey & Harrison* for J. B. Starkey, appellees and respondents.

TERRELL, J.:

Appellants as complainants sought to restrain the Tax Collector of Pinellas County from issuing tax certificates against certain lands, more particularly described in the bill of complaint, for non-payment of State and county taxes, the contention being that said lands were being used for educational, literary, scientific, religious or charitable purposes and were exempt from taxation, as contemplated by Section one, Article nine and Section 16 Article 16 of the Constitution, Section 192.06 (3), Florida Statutes 1941.

To claim the exemption from taxation as thus provided the property must be actually held and used exclusively for one or more of the purposes stated in the Constitution. Whether or not it is so owned, occupied and used is a question of fact that must be established by competent proof, if challenged. In determining the status of property of this kind, taxing officers should exercise a reasonable discretion and not put the owner to the expense of a law suit if the property is in good faith being used for one or more of the purposes that entitle it to exemption.

The evidence must conclusively show that the property is within the exemption provided. The evidence in this case has been examined and is found insufficient to meet this test. In fact, taken as a whole, it is not shown by competent evidence that appellants are the owners of the property or that it is used for other than commercial purposes. By such a showing, there was no other judgment the chancellor could have entered. Exemption of property from taxation is not a favor bestowed for the asking. It is reward offered to the owner who used his property in such a way that material benefits flow to the public. The benefits may be tangible or intangible and may or may not be susceptible of evaluation by the dollar symbol.

With the appeal herein appellants also filed a petition in mandamus seeking to make certain corrections to the record on appeal. The petition has been examined, but it does not supply the deficiency essential to show that the lands in question are being used for purposes that would exempt them from taxation. It is therefore denied.

Affirmed.

CHAPMAN, C. J., BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.