DREW, Justice.
Hillsborough County filed its complaint under Chapter 22079, Laws of Florida, Acts of 1943, as amended, to foreclose certain tax certificates. Appellant, Dolores Land Corporation, answered and counterclaimed alleging that tire tax certificate for 1948 taxes sought to be foreclosed on its land was void because on January 1, 1948, the title to said lands was vested in the trustees of the Internal Improvement Fund and was, therefore, not subject to taxation. Motion was made to dismiss by the county and after argument the lower court entered an order in which the facts pertinent to the issue are presented and the view and holding of the lower court as to the applicable law are stated. The order is:
“The County of Hillsborough filed its suit under the so called ‘Holland Laws’ and one of the defendants, the Dolores Land Corporation, filed an Answer and a Counterclaim which raised the question as to when a deed issued to V. H. Osborn, predecessor in title to the Dolores Land Corporation, and which was executed by the Trustees of the Internal Improvement Fund of the State of Florida on the 29th day of December, 1947, and was not mailed out to the Clerk of the Court of Hillsborough County, Florida, until the 3rd day of February, 1948 and therefore was not delivered to the said V. H. Osborn until subsequent to February 5, 1948, passed title to the said V. H. Osborn.
“It was the claim of the defendant, Dolores Land Corporation, that the title did not pass to V. H. Osborn until after February 5, 1948, and that the assessment of the lands for taxes on the'Tax Roll of the year 1948 was illegal and all the subsequent proceedings, including this proceeding, were void and of no effect.
“It is contended by the Motion to Dismiss the Counterclaim that when the Governor, Comptroller, Treasurer, Attorney General and Commissioner of Agriculture, composing Trustees of the Internal Improvement Fund of the State of Florida, executed the deed to V. H. Osborn on December 29, 1947 and affixed thereto the official seal of the said Trustees, all of which is shown by the Exhibit attached, this entitled the land passed to V. H. Osborn on December 29, 1947 and therefore the land was taxable from that date, the title being in V. H. Osborn on January 1, 1948.
“Ordinarily in order to pass title a deed must be delivered, but the United States Supreme Court, in the case of U. S. v. Schurz, 102 U.S. 378, 26 L.Ed. 167, has made an exception applicable to those cases where the title passes from a governmental agency. In an opinion by Mr. Justice Miller, the third and fourth headnotes of tliat case, we think, answers the question here. Those headnotes are as follows:
“ ‘3. In the progress of the proceedings to acquire, under the laws of the United States, a title to the public lands, there must, in all cases where the claimant is successful, come a period when the power of the executive officers, who constitute the Land Department over those proceedings, ceases. That period is precisely when the last official act has been performed which is necessary to transfer the title from the Government to the citizen.
“ ‘4. Title by patent from the United States is title by record; and delivery of *395 the instrument to the grantee is not essential to pass the title, as in conveyance by private persons.’
“Under this decision it is clear that the title to this property passed to V. H. Osborn on December 29, 1947 and was properly assessed for taxation as of January 1, 1948.
“It is therefore ordered, adjudged and decreed that the Motion to Dismiss the Counterclaim in this suit be and the same is hereby granted.”
Subsequently, final decree of foreclosure was entered and this appeal followed.
We passed upon the formalities required to pass title by deed of State owned lands in Lance v. Smith, 123 Fla. 461, 167 So. 366, 369. In that case the defendant in ejectment claimed title under a tax deed which was signed with seal affixed on its date of September 30, 1931. At midnight on that date the thirty days’ statutory notice given by publication expired. The deed was not delivered until October 1, 1931, on which date proof of publication of the notice required was filed. The plaintiff there asserted that the signing and sealing of the tax deed prior to expiration of the thirty days’ notice rendered it void. In reversing the judgment for plaintiff, this Court, through Ellis, J., stated:
“ * * * The delivery of the deed is the final act of its execution and marks the period or date when title passes from the state to the applicant for the deed.
“It is of no consequence, either to the owner or claimant of the land, that the clerk fills out a tax deed form, signs it, and attaches the seal of his office to it but does not deliver it to the grantee. It is of no force and effect lying there in his office in his possession and under his control. It acquires no validity as a deed of conveyance until delivery, and it is always proper to show by other evidence than the date of the deed when the complete act of execution, the , delivery, is performed. If the claimant of the land or one seeking to redeem does not interfere before delivery and offer to pay the taxes, his rights are in no wise affected by the date appearing on the face of the deed. He is barred only when the deed is delivered,, which is the last official act necessary to pass title. * * * ” (Emphasis-added.)
The appellee herein contends that title to government lands passes to the grantee when the signatures and seal are affixed to the deed without necessity of'actual delivery of the deed to the grantee, citing United States v. Schurz, 102 U.S. 378, 26 L.Ed. 167. And the lower court agreed. That case was a mandamus suit to compel delivery to a patentee of a deed previously signed, sealed, and duly recorded in the proper land office records of the United States, and then transmitted by the Commissioners to the local land office with instructions to deliver it to relator. These instructions were later withdrawn because it was discovered that a conflicting claim to the land was filed prior to action on, the deed in question. The court held that mandamus would lie to compel delivery of the deed to relator.
In the opinion in that case the court did say that provision was made in cases of public land grants for a record of the instruments in a public government office, and that the action of the recorder in that case in entering the deed in the record books provided by Act of Congress, was the final record of the transaction and vested “title by record” in the grantee; but the court noted there might be cases where even though such procedure was followed delivery could not be compelled.
In the instant case, there is not involved any “title by record” and the Schurz case is not applicable; further, we note that case was decided more than fifty years previous to Lance v. Smith, supra. We think the rule in Lance v. Smith, supra, is the correct rule and governs the instant case.
Having determined it was error to dismiss the original answer and counterclaim *396 of defendant, Section 192.21, Fla.Stats.1951, F.S.A., is inapplicable because it specifically provides that it does not apply if the land was not subject to taxation.
The decree appealed from is reversed for proceedings in accordance with the views herein expressed.
ROBERTS, C. J., and THOMAS and MATHEWS, JJ., concur.