ROBERTS, Chief Justice
(dissenting).
It is well settled that “courts in the exercise of their discretionary power to issue extraordinary writs will look to the public interest which may be concerned. * * * If public injury or embarrassment might result from issuance of the writ, the court may properly refuse it.” 34 Am.Jur., Mandamus, Sec. 35. And, in my opinion, the circumstances here are such as to require the court to deny the mandatory relief prayed- for by the relator.
In the first place, no title had passed to the relator.’ He had simply bid in the property at public sale; and until the deed was actually -executed and " delivered by the Trustees of the Internal Improvement Fund, title remained in the Trustees. Lance v. Smith, 123 Fla. 461, 167 So. 366; Dolores Land Corp. v. Hillsborough County, 1953, *658 Fla., 68 So.2d 393. The delivery of the deed was the last official act to be performed by the Trustees in the conveyance of the property, after which their control over the property would cease. Compare U. S. v. Schurz, 102 U.S. 378, 26 L.Ed. 167. It would seem, then, that the relator-had no clear right to the writ.
In the second place, it is the clear intent of the statutes relating to Murphy Act lands that preference in the disposal of such lands be given to public agencies. Section 192.50, Florida Statutes, F.S.A., directs the Trustees to convey to the named public bodies or governmental subdivisions of this State “without consideration and without sale, for public purposes, any land the title to which vested in the State of Florida pursuant to chapter 18296, laws of Florida, acts 1937 [the Murphy Act]”. The authority to sell such lands to private persons “to the highest and best bidder for cash at such time and after giving such notice and according to such rules and regulations as have or may be fixed and adopted from time to time by said trustees of the internal improvement fund”, Section 192.38(1) (a), is permissive only. The Board of Public Instruction of Putnam County had decided upon the property in question as desirable for a public school and had communicated this decision to the Trustees before they had taken their “last official act” in the matter. And the fact that this was not done until the expiration of the 21-day period prescribed by the Trustee’s rule as to protests of sale is not, in my opinion, conclusive. The minutes of the Trustees show that the 21-day rule was “for the office and the Clerks of the Circuit Courts to operate under, but is not something the Trustees may not change if they so desire, which is sometimes done in cases where the public interest is involved.” This interpretation of their own rule by the Trustees would seem to be clearly justified as being in the best interest of the public; no abuse of such discretion has here been shown. This is especially true where, as here, the land was sold at the public sale for $170 and was worth more than $7,000.
In my opinion, where a public need for Murphy. Act land has been made to appear to the Trustees after the’public sale of such land but before a deed thereto has been executed and delivered to the purchaser, the writ of mandamus should not issue to compel the Trustees to convey the land to such purchaser, in the absence of some special equity on behalf of such purchaser.
The judgment of the lower court should be
Reversed.
TERRELL and DREW, JJ., concur.