DREW, Justice.
This is an appeal from a decree of the Circuit Court for Sarasota County, as one passing directly upon the constitutionality of a statute of this State.[1]
The appellants, trustees for a non-incorporated foundation operated under a private trust agreement, sought by these proceedings to enjoin collection of property taxes by city, county and state authorities, claiming exemption by virtue of the provisions of Section 192.06(3), Florida Statutes, F.S.A., to the effect that certain property of “education, literary, benevolent, fraternal, charitable and scientific institutions” [2] shall be exempt. Motion to dismiss filed by defendants, appellees here, after presentation of plaintiffs’ evidence, was granted and a decree entered adverse to plaintiffs.
Upon a constitutional issue raised by the pleadings and argued by the parties the decree expressly found:
“This Court is of the opinion that the inclusion of benevolent purposes within Section 192.06(3), Florida Statutes, violates Section 1, Article IX, of the Florida Constitution in that the term ‘benevolent’ as used in the Statute goes beyond the definition of the word ‘charitable’ as provided for in the Constitution, and the Court so rules.” [3]
Jurisdiction is accordingly established under prior decisions construing the applicable constitutional provision for direct appeal to this Court.[4]
The decree appealed, however, is rested also upon findings and conclusions of fact as follows :
“It is, therefore, the opinion of the Court that the primary uses made of the twenty-five per cent (25%) portion of the subject property by the Plaintiffs do not fall within the provisions of Section 192.06(3), Florida Statutes, in that such uses constitute neither educational, literary, benevolent, fraternal, charitable or scientific uses.”
This conclusion is amply sustained by testimony in the record concerning the purposes to which the Foundation devoted those portions of the properties reserved for its own use independent of rentals. Such space served primarily as holiday lodgings for handicapped persons, ministers or other *135 worthy individuals, without reference to any standard of need or indigency. Incidental or occasional use for exempt purposes would not, of course, comply with the clear statutory requirement that at least 25% of the space be “actually occupied and used” for the specified purposes and for no other purposes.[5] Neither is the mere lack of a profit motive determinative of the basic character of property use in this field.
In view of the uniform construction of all such exemptions as contemplating uses for public as opposed to private or individual benefit or which relieve a burden that could otherwise fall upon the public,[6] and our conclusion that the facts in this case do not show such a benefit, the question of disparity between statutory and constitutional language becomes immaterial to the disposition of this litigation.[7]
We find no abuse of discretion in apportionment of costs against appellants, and the decree, except as above specified, is affirmed and the cause remanded.
ROBERTS, C. J., and THORNAL, O’CONNELL and HOBSON, (Retired), JJ., and SCOTT, Circuit Judge, concur.
THOMAS, J., concurs in part and dissents in part.

. Art. V, Sec. 4(2), Florida Constitution; F.S.A.:
“Appeals from trial courts may be taken directly to the Supreme Court, as a matter of right, * * * from final judgments or decrees directly passing upon the validity of a state statute * *

. F.S. Section 192.00, F.S.A.:
“The following property shall be exempt from taxation:
s;s * * * * ❖
“(3) Such property of education, literary, benevolent, fraternal, charitable and scientific institutions within this state as shall be actually occupied and used by them for the purpose for which they have been or may be organized; provided, not more than seventy-five per cent of the floor space of said building or property is rented and the rents, issues and profits of said property are used for the educational, literary, benevolent, fraternal or charitable purposes of said institutions;***."

. Art. IX, Sec. 1, Florida Constitution:
“The Legislature * * * shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes.”

. P. C. Lissenden Co. v. Board of County Com’rs. of Palm Beach County for Use and Benefit of Graybar Elec. Co., Fla. 1959, 116 So.2d 632; Florida Real Estate Commission v. Harris, Fla.1961, 134 So.2d 785.

. Note 2 supra. As to incidental use, see: Johnson v. Sparkman, 1947, 159 Fla. 276, 31 So.2d 803, 172 A.L.R. 1067.

. Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211; Dr. William Howard Hay Foundation v. Wilcox, 156 Fla. 704, 24 So.2d 237.

.Cases cited note 4 supra.