REED, Judge.
This action was commenced on 14 March 1969 in the Circuit Court for Palm Beach County, Florida, by the plaintiff, Lake Worth Towers, Inc., against the defendants who are the tax collector, the tax assessor, the mayor, and city commissioners of the City of Lake Worth, Florida.
The plaintiff, Lake Worth Towers, Inc., filed a second amended complaint in which it alleged that it had owned real property in Palm Beach County since 1 January 1966 and that it built thereon in the form of a 195 unit apartment building, a home for the aged. The plaintiff alleged that it applied for a license from the State Board of Health in 1967 to operate the home, but did not receive the license until 11 June 1968. The second amended complaint also *28 asserts that as of 1 January 1968 the construction on the apartment had reached 84% completion, hut was not completed and ready for occupancy until 1 March 1968. The complaint further alleges that because the plaintiff did not get its license from the State Board of Health until 11 June 1968 it could not make a timely application for an exemption from taxation for the year 1968 as required by Section 192.-06(14), F.S.1967.[1] Nevertheless, the plaintiff informally requested an exemption from the defendant tax assessor of the City of Lake Worth on 1 April 1968.
The tax assessor referred the matter to the Board of Tax Equalization of the City of Lake Worth. Pursuant thereto the plaintiff appeared before the hoard of equalization on 5 August 1968 and demanded a total exemption from taxation under the aforesaid statute. The board of equalization denied the claim for exemption and the plaintiff was eventually assessed for the year 1968 by the defendant tax assessor of the City of Lake Worth on the value of its aforesaid real property including the improvement which had not been completed thereon until on or about 1 March 1968.
The complaint demanded the following relief: (1) that the property be stricken from the tax rolls for the year 1968; (2) that the defendant be enjoined from causing the property to be placed on the tax rolls for subsequent years; and (3) as alternative relief, that the defendants be required to assess the property for 1968 as unimproved property.
Defendants’ answer to a prior complaint stood over as the answer to the second amended complaint. The answer denied that the property was improperly assessed. It also alleged that the plaintiff’s claim, to the extent that it attacked the assessment, was barred by the statute of limitations, Section 192.21(2), F.S.1967, and, as an alternate defense, that the plaintiff failed to exhaust its administrative remedies because it failed to call to the attention of the board of equalization of the City of Lake Worth its claim that the real property should have been assessed for the year 1968 as unimproved property.
After an evidentiary hearing the trial court entered a final judgment in which it dismissed the action. It is from the final judgment that this appeal is taken.
The first issue on appeal is whether or not the trial court erred in dismissing the claim of the plaintiff for a total exemption under Section 192.06(14), F.S. 1967, from the 1968 real and personal property tax. In our opinion this action by the trial judge was correct, not only for the reasons assigned by him in his written order, but also for the additional reason that the plaintiff’s complaint showed on its face that it was not entitled to the exemption for the year 1968.
The pertinent statute provided an exemption from ad valorem taxation for property *29 used by Florida corporations not for profit as a home for the aged and for uses related to such a home. Under the law of this state, the taxable status of property is determinable as of 1 January. See Section 192.04, F.S.1967 (now Section 192.042, F.S. 1970) and Johnson v. Presbyterian Homes of Synod of Florida, Inc., Fla.1970, 239 So.2d 256, 259. For plaintiff to have been entitled to the exemption, the plaintiff would have had to have had the property in actual use as a home for the elderly on 1 January 1968. The plaintiff’s second amended complaint affirmatively alleges that the property in question was not ready for occupancy as a home for the aged until March 1968. Therefore, the plaintiff’s use of the property on the critical date — as shown by its own complaint — did not qualify it for the exemption. Compare Overstreet v. Indian Creek Village, Fla.App. 1970, 239 So.2d 149.
The second issue is whether or not the trial court properly denied the plaintiff’s claim for an adjustment of its 1968 tax assessment by reason of the admittedly erroneous inclusion by the municipal tax assessor in the 1968 assessment of the value of improvements on the plaintiff’s real property which were not substantially completed until 1 March 1968.[2]. The trial judge disposed of plaintiff’s claim for an adjustment on two grounds in both of which we concur. The plaintiff appeared before the Board of Adjustment of the City of Lake Worth in August of 1968 and demanded a total exemption for the property, but did not demand a reassessment to eliminate the value of the buildings erroneously included in the assessment. Because of the failure to demand this relief, the trial judge took the position that the appellant did not exhaust its administrative remedies.
The second basis for the trial judge’s action was the statute of limitations which provided:
“No assessment shall be held invalid unless suit is instituted within sixty days from the time when the assessment roll is certified, as provided by § 193.29,” (Section 192.21(2), F.S.1967.)
The plaintiff neither denies the applicability of the limitations contained in Section 192.21(2), F.S.1967, nor its failure to exhaust its administrative remedy before the board of adjustment, except to the extent that plaintiff argues that the 1968 assessment was void and as such can be relieved against in equity at any time without regard to the statute of limitations or the exhaustion of administrative remedies. The plaintiff cites Hansen v. Port Everglades Steel Corporation, Fla.App.1963, 155 So.2d 387, 391, which does stand for that general proposition, but it unfortunately provides no guidance in determining what is a void tax assessment. In St. Joe Paper Company v. Ray, Fla.App.1965, 172 So.2d 646, the First District held:
“ * * * An assessment is void where it was not authorized by law, where the property is not subject to the tax assessed, or where the levy is authorized but the tax roll is illegal due to some affirmative wrongdoing by the taxing official. * * * ” (Page 649.)
This is as good a definition as any and is sufficient to resolve our case. It is obvious that the property here involved was subject to assessment for taxation (assuming that the exemption was not applicable). The only error committed by the tax assessor was with regard to the amount of the assessment. Because the property was lawfully subject to ad valorem taxation *30 and the error was not an intentional wrongdoing, the assessment should not be considered void, but only subject to adjustment through the means provided by law. It, therefore, follows that the defenses of the statute of limitations and failure to exhaust administrative remedies were applicable to the plaintiff’s claim for adjustment.
Support for this conclusion can be found in Dickinson v. Davis, Fla.1969, 224 So.2d 262, wherein the Supreme Court considered the validity of certain assessments on mineral rights made pursuant to Section 193.-22(1), F.S.1963. The court basically upheld the constitutionality of the statute, but said at page 267,
“ * * * Although the assessor probably erred by fixing the assessed valuation of the sub-surface rights at 10 per cent of the total valuation of the real property in question, the owners are barred from complaining here because they failed to exhaust their administrative remedies and institute suit as provided by law. Fla.Stats. § 192.21(2) * * * ” (Emphasis added.)
See also Powell v. Kelly, Fla.1969, 223 So.2d 305, 307, where question involved was the validity of an assessment on timber land. The Supreme Court held:
“ * * * mere excessive valuation, resulting solely from inadvertence or mistaken judgment, and unaffected by any element of illegality in matter of law, or intentional or other abuse of authority, or fraud, express or implied, will not suffice as a ground of equitable jurisdiction. * * * ”
For the foregoing reasons, the judgment is affirmed.
Affirmed.
CROSS, C. J., and McDONALD, PARKER LEE, Associate Judge, concur.

. Section 192.06(14) provides an ad val-orem tax exemption for homes for the aged in the following language: “The following property shall be exempt from taxation: s}; * * *
“(14) (a) All property, real and personal, of any bona fide home for the aged, licensed by the state board of health, owned and operated by Florida corporations not for profit, which has been and is currently exempt from the payment of taxes to the United States for the income derived from the operation of such home for the aged and used by such home for the aged for the purposes for which it was organized, and limited to providing homes and services to elderly persons, housing for nurses and other personnel of such home, medical facilities, dining facilities, laundries, parking lots, auditoriums, administrative offices, and other uses essential to the operation of such home for the aged >)< * # >>

. The pertinent statute, Section 193.11(4), IT.S.1967, provided:
“All taxable lands upon which active construction of improvements is in progress and upon which such improvements are not substantially completed on January 1 of any year shall be assessed for such year, as unimproved lands. * * * ”