PER CURIAM.
The appellant, a taxpayer, sought the benefit of § 194.033, Fla.Stat. (1969), F.S. A., which has been subsequently repealed [Ch. 71-371, Gen.Laws of Fla.1971], and arbitrated a tax assessment and secured a reduction in the assessment as originally fixed. It thereafter instituted a proceeding on the equity side of the court, challenging the validity of the assessment. Taxing authorities moved to dismiss the proceeding upon several grounds, among which was the failure to state a cause of action, citing Ch. 682, Fla.Stat., F.S.A. The trial judge dismissed the complaint; the taxpayer then sought to amend the complaint, alleging that the tax assessment was void. The trial court denied the amendment; this appeal ensued.
 The appellant has preserved several points for review, among which is that arbitration under § 194.033, Fla.Stat. (1969) F.S.A., is not governed by Ch. 682, Fla. Stat., F.S.A. With this we disagree [see: Judge Charles A. Carroll’s concurring opinion in City National Bank of Miami v. Blake, Fla.App.1972, 257 So.2d 264 (opinion filed February 1, 1972)], and hold that an arbitration by a taxpayer under § 194.-033, Fla.Stat. (1969), F.S.A., is governed by Ch. 682, Fla.Stat., F.S.A. And, without the necessary allegations of grounds under the statute, which are admittedly missing in the instant complaints, the taxpayer is not entitled to relief in the circuit court. If the assessment the taxpayer was complaining of was a “void assessment” and not merely in part a voidable assessment then he would be entitled to seek relief in the circuit court. West Virginia Hotel Corporation v. W. C. Foster Company, 101 Fla. 1147, 132 So. 843; Thursby v. Stewart, 103 Fla. 990, 138 So. 742; Hackney v. McKenny, 113 Fla. 176, 151 So. 524; Overstreet v. Ty-Tan, Inc., Fla.1950, 48 So.2d 158; St. Joe Paper Company v. Ray, Fla.App.1965, 172 So.2d 646.
The court having held that the taxpayer’s right to relief by a general suit in equity was barred by the invoking of § 194.033, Fla.Stat. (1969), F.S.A., as regulated by Ch. 682, Fla.Stat., F.S.A., the action of the trial judge should be affirmed and there is no need for the court to deal with the other points raised by the appellant.
Affirmed.