262 So.2d 1 (1972)
LAKE WORTH TOWERS, INC., a Nonprofit Corporation under the Laws of the State of Florida, Petitioner,
v.
Gratton GERSTUNG, As Tax Collector, et al., Respondents.
No. 41517.
Supreme Court of Florida.
April 12, 1972.
*2 Zell H. Altman, of Altman & Gabaldon, Lake Worth, for petitioner.
Malcolm Anderson, City Atty., for respondents.
ERVIN, Justice.
We have for review on petition for writ of certiorari a decision of the District Court of Appeal, Fourth District, reported at 251 So.2d 27. We have jurisdiction under Article V, Section 4(2) of the Florida Constitution, F.S.A., and Rule 4.5(c) (6) of the Florida Appellate Rules, 32 F.S.A., because this decision conflicts with our holding in Hackney v. McKenny, 1933, 113 Fla. 176, 151 So. 524, and with the decision of the District Court of Appeal, Second District, in Hansen v. Port Everglades Steel Corporation, Fla.App. 1963, 155 So.2d 387.
Petitioner, Lake Worth Towers, Inc., a nonprofit corporation, was organized to construct and operate an one hundred ninety-five unit high rise apartment building to be occupied solely by senior citizens on low fixed annual incomes. Construction on the project commenced prior to January 1, 1968; however, the building was not substantially completed until March 1968. On June 11, 1968 the State Board of Health issued a license to Petitioner to operate a home for the aged; it was made retroactive to January 1 of that year.
Because of its nonprofit status, Petitioner, on April 1, 1968, requested from Respondents, the City Commissioners and taxing authorities of the City of Lake Worth, tax exemption from city taxes on the apartment building as authorized by Section 192.06(14) (a), F.S. 1967.[1] Four months later Petitioner appeared before the Commission as the City Board of Equalization and again requested total tax exemption. The requests were denied, and the property was assessed for the value of both the realty and the improvements. The tax roll reflected an item of value for the realty and an item of value for the improvements separately.
Petitioner then filed a suit in the Circuit Court of Palm Beach County seeking an order either enjoining Respondents from collecting municipal taxes on the property for 1968, or, in the alternative, forcing them to reassess the property as unimproved for that tax year. In their Answer, *3 Respondents denied that the property was improperly assessed, and contended an attack of the assessment was barred by Section 192.21(2), F.S. 1967.[2] Furthermore, Respondents argued in the alternative that Petitioner could not challenge the assessment because it had not exhausted its administrative remedies because when it appeared before the Board of Equalization, it had failed to contend the assessment was improper and illegal. The circuit court ruled for Respondents on the grounds that (1) Petitioner had not exhausted its administrative remedies and (2) Petitioner had not challenged the assessment before the statute of limitations had run. The court agreed, however, based upon an admission in the proofs of the Respondents, that the land should have been taxed as unimproved property for the 1968 tax year. The District Court of Appeal, Fourth District, affirmed on the same grounds.
We agree with the lower courts that technically Petitioner could not receive nontaxable status for 1968 as authorized by Section 192.06(14) (a) because the building was not in operation as a nonprofit home for the aged on January 1 of that year. According to Section 192.06(14) (b) a corporation qualifying under subsection (a) must file with the county tax assessor when applying for an exemption "financial statements for the immediately preceding fiscal year"; a statement showing the corporation's "advances, payments or obligations incurred ... during the immediately preceding fiscal year to each officer, director, trustee, member or stockholder of the corporation," and other information requested by the assessor to help him determine the corporation's taxable status. This, of course, Petitioner was unable to do when it requested nontaxable status on April 1, 1968, since the building had been substantially completed only during the preceding month. In addition, Section 192.04, F.S. 1967 provided that "All real and personal property shall be subject to taxation on the first day of January of each year...."[3] Taxable status for the year also is determined as of that date. Overstreet v. TyTan, Inc., Fla. 1950, 48 So.2d 158. To obtain total exemption, the property must be held and used in a manner authorized by Section 192.06, F.S. Dr. William Howard Hay Foundation v. Wilcox, 1945, 156 Fla. 704, 24 So.2d 237. On January 1, 1968 Petitioner did not qualify under Section 192.06(14) (a) as a tax exempt home for the aged since the building was not in use as a nonprofit home for the aged.
We disagree, however, with the lower court's conclusion that Petitioner could not challenge the assessment as improperly including the value of the land with its completed buildings. Section 193.11, F.S. 1967 provided:
"All taxable lands upon which active construction of improvements is in progress and upon which such improvements are not substantially completed on January 1 of any year shall be assessed for such year, as unimproved lands. Provided, however, the provisions hereof shall not apply in cases of alteration or improvement of existing structures." (Emphasis added.)
Petitioner's property clearly qualified only for an unimproved land assessment for 1968. The issue which must be resolved by *4 this Court, therefore, is whether Petitioner lost its right to that assessment by failing to exhaust its administrative remedies and by failing to challenge the assessment within the time limit set forth in the Statute of Limitations, Section 192.21(2), F.S. 1967. We conclude it did not.
In City of Tampa v. Palmer, 1925, 89 Fla. 514, 105 So. 115, this Court held that failure to appear before a board of equalization to challenge an assessment would not bar later consideration of the assessment by a court of equity if the assessment is illegal or "so obviously and flagrantly excessive as to clearly impute to the assessor an intention to arbitrarily discriminate against the taxpayer." City of Tampa v. Palmer, supra 105 So. at 120. In Hansen v. Port Everglades Steel Corporation, supra, the District Court of Appeal, Second District, said the running of the statute of limitations would not bar a challenge to an assessment in "suits in which assessments are charged to be unauthorized and void, which may be enjoined or relieved against at any time." Hansen v. Port Everglades Steel Corporation, supra 155 So.2d at 391.
We therefore must determine whether the assessment in this case was void so as to make reassessment permissible even though Petitioner failed to comply with certain procedural requirements. If the assessment was merely voidable, Petitioner cannot challenge it at this time. Hackney v. McKenny, 1933, 113 Fla. 176, 151 So. 524.
A "void" assessment has been defined as one "not authorized by law, where the property is not subject to the tax assessed, or where the tax roll is illegal due to some affirmative wrongdoing by the taxing official." C.D. Utility Corporation v. Maxwell, Fla.App. 1966, 189 So.2d 643, 646. A "voidable" assessment, on the other hand, is one which "is made in good faith but is irregular or unfair." Hackney, supra, 151 So. at 528.
The assessment in the instant case was void. There was no statutory authority for imposing the challenged full-value assessment on Petitioner's property. Without such authority an assessment is invalid. C.D. Utility Corporation v. Maxwell, supra. This was not a case of challenging an excess valuation, as was Powell v. Kelly, Fla. 1969, 223 So.2d 305, relied upon by the District Court. Rather, this was the void imposition of an assessment which was illegal under Section 193.11, F.S. 1967. Under that section it was mandatory that the property be assessed as unimproved land. Because the assessment was illegal and void, it was properly challenged, even though the statute of limitations had run and administrative remedies had not been exhausted.
However, we deem it important to reflect in this opinion "deadlines" we find in the law which limit the institution of suits to vacate an illegal or absolutely void tax assessment against property that is not taxable either because of sovereign immunity or its exempt status. Definitions of these types of properties appear in Chapter 196, Florida Statutes. Such properties are in a different category from properties that are subject to taxation. Tax assessments against the latter will not be held invalid, either in whole or in part, unless suit is instituted within sixty days from the time the assessment roll is certified as provided by law. F.S. Section 194.151, F.S.A. But even as to property not subject to taxation at all because of its immunity or exempt status it is our view that if the tax assessed is paid, suit must be brought by the taxpayer against the county within one year after such payment to recover the amount paid pursuant to F.S. Section 95.08, F.S.A.; or if tax certificates or tax deeds for such taxes are issued thereon, suit to cancel the same must be brought within the time allowed by F.S. Chapter 197, F.S.A. for such purpose. The policy involved in such limitations and laches is that there must be a time when tax processes and procedures *5 that have been completed should not be judicially disturbed; for examples, where tax funds received have been allocated or expended or intervening rights have accrued from tax delinquency enforcement proceedings prior to any authorized claim or suit being filed or instituted by the taxpayer.
The decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded with instructions to remand to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD and McCAIN, JJ., concur.
DREW, J. (Retired), agrees to judgment only.
NOTES
[1] 192.06 PROPERTY EXEMPT FROM TAXATION.  The following property shall be exempt from taxation:

(14) (a) All property, real and personal, of any bona fide home for the aged, licensed by the state board of health, owned and operated by Florida corporations not for profit, which has been and is currently exempt from the payment of taxes to the United States for the income derived from the operation of such home for the aged and used by such home for the aged for the purposes for which it was organized, and limited to providing homes and services to elderly persons, housing for nurses and other personnel of such home, medical facilities, dining facilities, laundries, parking lots, auditoriums, administrative offices, and other uses essential to the operation of such home for the aged; provided that all income of such home for the aged remaining after payment of the usual and necessary expenses of operation including the payment of liens and encumbrances upon its property, shall be used exclusively for educational, charitable or scientific purposes, including the maintenance, improvement or expansion of its facilities." (Now § 196.191(14) (a), F.S. 1970, F.S.A.)
[2] "No assessment shall be held invalid unless suit is instituted within sixty days from the time when the assessment roll is certified, as provided in § 193.29."
[3] The applicable statute now is § 192.042 F.S. 1970, F.S.A., which provides as follows:

"All property shall be assessed according to its just value as follows:
"(1) REAL PROPERTY.  On January 1, of each year. Improvements or portions not substantially completed on January 1 shall have no value placed thereon. `Substantially completed' shall mean that the improvement or some self-sufficient unit within it can be used for the purpose for which it was constructed."