QUESTION: Should taxes be cancelled for the time that the municipality owns property for the year in which the purchase occurs if a municipality purchases property after January 1?
SUMMARY: Nonexempt property is to be assessed for ad valorem taxation as of January 1, and a lien for the taxes attaches as of that date. The fact that the property is acquired by a municipality and used by it for municipal or public purposes subsequent to January 1 does not cancel the taxes for that year for the time the municipality so owns and uses the property. However, the board of county commissioners has the authority and the power to cancel and discharge all tax liens held by the county or the state on lands acquired by a municipality and used by it for municipal or public purposes pursuant to s. 196.28, F.S. Until such liens are discharged pursuant to s. 196.28, the taxes are paid, or the statute of limitations runs, the tax liens remain valid, but unenforceable, so long as the property is owned by the municipality and used by it for municipal or public purposes. Unless expressly exempt from taxation, all real and personal property in Florida is subject to taxation, s. 196.001, F.S. Real and personal property are to be assessed according to their just value as of January 1, s. 192.042, F.S. Section 197.056, F.S., as amended by s. 3, Ch. 73-332, Laws of Florida, provides, in pertinent part: (1) All taxes imposed pursuant to the constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which taxes have been assessed, and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred by chapter 95. . . . Under Art. VII, s. 3(a), State Const., and ss. 196.192 and 196.199(1), F.S., property owned by a municipality is entitled to an exemption from taxation if it is owned by the municipality and used by it for municipal or public purposes. See AGO's 072-276 and 073- 252. If otherwise nonexempt property is not owned by the municipality or is not used by it for municipal or public purposes on January 1, it is not entitled to an exemption for that tax year. Lake Worth Towers, Inc., v. Gerstung, 251 So.2d 27 (4 D.C.A. Fla., 1971), rev'd on other grounds 262 So.2d 1 (Fla. 1972). Property, otherwise nonexempt, is to be assessed for ad valorem taxation as of January 1, and a lien for the taxes is imposed as of that date, s. 197.056, supra. The lien thus imposed is not removed or cancelled by virtue of the fact that the property is acquired by a municipality and used by it for municipal or public purposes subsequent to January 1. However, s. 196.28(1), F.S., provides: (1) The board of county commissioners of each county of the state be and it is hereby given full power and authority to cancel and discharge any and all liens for taxes, delinquent or current, held or owned by the county or state, upon lands, heretofore or hereafter, conveyed to, or acquired by any agency, governmental subdivision or municipality of the state, or the United States, for road purposes, defense purposes, recreation, reforestation or other public use; and said lands shall be exempt from county taxation so long as the same are used for such public purpose. (Emphasis supplied.) Section 196.28(2), F.S., provides the procedures whereby the board of county commissioners may cancel tax liens as authorized by s. 196.28(1), supra. Until such time as tax liens held or owned by the county or the state are discharged pursuant to s. 196.28, the taxes are paid, or the statute of limitations runs, s. 197.056, F.S., as amended by s. 3, Ch 73-332, supra, the liens remain valid, but unenforceable by foreclosure or other court procedure, so long as the land is held by the municipality and used by it for municipal or public purposes. Attorney General Opinion 073-183; see also Kostecos v. Johnson, 85 So.2d 594, 598
(Fla. 1956).