QUESTIONS: 1. Is property being purchased by the City of Vero Beach exempt from taxation based upon the contract for sale entered into prior to January 1 of the tax year, even though no title had passed as of January 1 and possession did not take place until after January 1? 2. Does the lease agreement, read in pari materia with the various other contracts and agreements, entered into after January 1 of the tax year allow the City of Vero Beach to gain a tax exemption under Art. VII, s. 3(a), State Const., and s. 196.192(2), F.S., for the tax year 1974 and/or subsequent years?
SUMMARY: A contract for sale of property being purchased by a municipality may under certain circumstances vest the municipality with the beneficial title in equity to the property, and such may be sufficient to establish ownership of the property by the municipality for entitlement to exemption from ad valorem taxation. However, the municipality must own the property and also be using it for municipal or public purposes on the tax day, January 1, in order for the property to be entitled to exemption from ad valorem taxation for that year. Property leased by a municipality for consideration paid to a private lessor is not, ordinarily, entitled to exemption from ad valorem taxation. However, where the lessee/municipality is also the owner of the beneficial title in equity to the property under a specifically enforceable contract of sale, such ownership, plus use of the property by the municipality for municipal or public purposes, will qualify the property for exemption from ad valorem taxation. As qualified by the discussion below, it is my opinion that your first question should be answered in the negative, and your second question is answered in the following discussion. In Florida, property must be owned by a municipality and used by it for municipal or public purposes in order to be entitled to an exemption from ad valorem taxation. Article VII, s. 3(a), State Const.; s. 196.199(1)(c), F.S. Under the doctrine of equitable conversion, see 12 Fla. Jur. Equitable Conversion s. 6, the contract for sale entered into between the seller of the property in question and the City of Vero Beach could, under certain circumstances, give the city beneficial ownership of the property. Equitable title to the property may be in the city under the specifically enforceable contract for sale, even in the absence of a right to possession in the city under the contract for sale. Insurance Company of North America v. Erickson, 39 So. 495 (Fla. 1905). Equitable title is sufficient to satisfy the ownership requirements for exemption from ad valorem taxation. Attorney General Opinion 073-152. However, under paragraph 9 of the contract for sale, the city was not to have taken possession of the property until delivery of the warranty deed and payment of the purchase price or until a lease agreement had been entered into. Such a lease agreement was not executed until January 15, 1974. Thus, the requirement that the property be used by the municipality for municipal or public purposes could not be met until such date as the city entered into possession of the property and began using it for municipal or public purposes. Exemptions from ad valorem taxation are based upon the ownership and use of property on the tax day, January 1, Lake Worth Towers, Inc. v. Gerstung, 251 So.2d 27 (4 D.C.A. Fla., 1971), rev'd on other grounds, 262 So.2d 1 (Fla. 1972), and under the facts presented here, use of the property by the municipality for municipal or public purposes did not commence until after January 1, 1974. Although exemption for 1974 would now apparently be a moot issue, I conclude that the property in question would not in the future appear to be entitled to an exemption from ad valorem taxation for the year in which the municipality takes possession under these same circumstances. See AGO 074-199. Under the terms of the contract for sale and the lease agreement entered into between the city and the sellers/lessors, four adjoining beachfront lots are ultimately to be purchased by the city — one on January 15 of each year from 1974 through 1977. The lots which have not at any point been completely paid for by the city, with the legal title thereto transferred to the city, are to be leased by the city from the seller/lessor. Ordinarily, if a municipality leases property from a private lessor, the property is not entitled to exemption from ad valorem taxation even though the municipality uses its leasehold for exempt purposes, because the leasehold does not constitute a severable interest for tax purposes and the use of the property by the owner, i.e., leasing it for consideration, is not an exempt use. Attorney General Opinion 072-276. However, as discussed briefly above, under the circumstances presented here, the city is not merely the owner of a leasehold interest in the property, but may also be the owner of the beneficial title in equity to the property under the doctrine of equitable conversion. [See] 12 Fla. Jur. Equitable Conversion s. 6. Thus, ownership of the beneficial title to the property by the municipality, coupled with the use of the property by the municipality for municipal or public purposes on the January 1 tax day, would qualify the property for exemption from ad valorem taxation for that year. Attorney General Opinion 073-152.