QUESTIONS: 1. Would improved property owned by the Florida Department of Agriculture be taxable to the state when rented or leased to the Cotton Producers Association for the operation of a retail feed, seed, and fertilizer store? 2. Would real property purchased during the current year by the Bradford County Farm Bureau from the Bradford County Fair Association for use as a retail store for members and an insurance office be taxable?
SUMMARY: A leasehold interest in lands and buildings owned by the Florida Department of Agriculture held by the Cotton Producers Association for operating a retail store is taxable to the lessee if the lease was in existence on January 1 of the current tax year. The fee interest of the state is immune from taxation. Property sold by the Bradford County Fair Association to the Bradford County Farm Bureau for use as a retail store for its members is taxable for the current year if the property was transferred to the farm bureau prior to January 1 or if the property was not used exclusively for purposes of the fair association or other exempt purposes on January 1. Question 1 is answered in the negative. However, a negative answer does not preclude the possibility that the leasehold may be taxable to the leaseholder. Question 2 is answered by the discussion herein. Analysis of your first question requires an examination of the taxability of both the fee interest of the state and the leasehold interest of the Cotton Producers Association. The fee interest in the property held by the Department of Agriculture is not taxable. All property in the state is taxable unless immune or expressly exempted. See s. 196.001, F.S.; AGO 073- 257. Property owned by the state is immune from taxation in the absence of waiver of such immunity. Park-N-Shop v. Sparkman, 99 So.2d 571 (Fla. 1957); Ch.12B-1.207(1), F.A.C.; State ex rel. Charlotte County v. Alford,107 So.2d 27 (Fla. 1958); Hillsborough County Aviation Authority v. Walden, 210 So.2d 193 (Fla. 1968), rehearing denied (Fla. 1968); Orlando Utilities Commission v. Milligan, 229 So.2d 262 (4 D.C.A. Fla., 1968), rehearing denied (4 D.C.A. Fla., 1970). The leasehold interest, if in existence on January 1 of the current year, is taxable to the lessee, not the state. A leasehold interest in governmental property granted to a nongovernmental lessee is taxable unless used by the lessee for a governmental, municipal, or public purpose or function as defined in s.196.012(5), F.S., or unless used by the lessee exclusively for one or more of the exempt uses enumerated in s. 196.199(2)(b) and (4), F.S. See s. 196.199(2)(a), F.S., and Straughn v. Camp,293 So.2d 689 (Fla. 1974), rehearing denied (Fla. 1974). Upon the facts stated, retail operation by the Cotton Producers Association does not appear to be a service which performs or serves a governmental purpose as defined by s. 196.012(5), F.S. 1973. (However, you should be aware there is currently pending in Hardee County Circuit Court the case of Southern Cucumber Co., Inc. v. Hardee County, et al., etc., Case No. CA-C-74- 362, which involves the taxability of a lease between the Florida Department of Agriculture and a private enterprise for market space in a state-owned farm market.) If the lease was granted subsequent to January 1 of the current year, however, it would not be taxable for the current year. The taxable status of property is determined on January 1 of each year and, when so determined, would normally be unaffected by subsequent events of this nature during the tax year unless the transfer is to an exempt governmental unit, in which case taxes are prorated to the date of transfer. Chapter 75-103, Laws of Florida. The answer to your second question turns upon the ownership and use of the property on January 1 of the current tax year. The taxable status of property is determined on January 1 of each year. Lake Worth Towers, Inc. v. Gerstung,262 So.2d 1 (Fla. 1972); AGO's 074-216, 069-46, and 061-1. If property is owned by a tax-exempt body and is in good faith put to an exempt use on January 1, its subsequent transfer during the year to nonexempt owners does not affect its tax-exempt status for the current tax year. Dolores Land Corp. v. Hillsborough County,68 So.2d 393 (Fla. 1953). Section 196.198, F.S., states in pertinent part: The use of property by public fairs and expositions chartered by chapter 616 is presumed to be an educational use of such property and shall be exempt from ad valorem taxation to the extent of such use. (Emphasis supplied.) Further, s. 616.07(1), F.S., states: No member or officer of any association organized under this chapter shall be personally liable for any of the debts of such association; and no money or property of any such association shall be distributed as profits or dividends among its members or officers, but all money and property of such association shall, except for the payment of its just debts and liabilities, be and remain perpetually public property, administered by the association as trustee, to be used exclusively for the legitimate purpose of the association, and shall be, so long as so used, exempt from all forms of taxation. (Emphasis supplied.) Therefore, assuming that the Bradford County Fair Association is chartered under Ch. 616, F.S., and the property in question was owned by the fair association and used exclusively for purposes of the association on January 1, 1974, then it is tax exempt for the year 1974, regardless of a subsequent transfer to the farm bureau. However, if the property in question was transferred to the farm bureau prior to January 1, 1974, or if it was not used for the lawful purposes of the fair association on January 1 (see ss. 616.01(2), 616.15(4), and 616.17), then the property is not tax exempt for the year 1974. In AGO 072-295, I stated: Property owned and used by organizations such as a county farm bureau or a county cattlemen's association would not be entitled to exemption from taxation, whether or not said organization was nonprofit, unless the property is utilized for exempt purposes (educational, literary, scientific, religious, charitable, or governmental) within the purview of s.196.012, F.S. Therefore, the property would, in my opinion, be taxable for 1975, if owned by the farm bureau and if used by it for the nonexempt purposes stated in your question.