A bill of complaint seeking injunctive relief for alleged illegal or excessive tax assessments was on motion dismissed by the Circuit Court. Plaintiff appealed.
Plaintiff alleges: "that although he was not assessed for tangible personal property during any of the years 1938, 1939, or 1940, the . . . Tax Assessor . . . in December, 1941, purporting to be acting by authority vested in him pursuant to Section 15, Chapter 20723, Acts of Florida, 1941, arbitrarily assessed plaintiff's tangible personal property at $8,000.00 for each of the years 1938, 1939, 1940 and 1941; that the full cash value of said tangible personal property during each of these years did not exceed the sum of $3525.00 and during each of these years plaintiff was entitled to an exemption of $500.00 by reason of total disablement through misfortune as provided by the statutes of the State of Florida, and $500 constitutional exemption."
It is also alleged: "that it is apparent that the . . . Tax Assessor . . . in assessing said omitted property for said years 1938, 1939 and 1940 assessed the same on the same basis as for 1941, that is, on a 100% valuation when, as a matter of fact, all assessments made during the years prior to 1941 were intended to be made on a basis of 33 1/3%, of the full value thereof; that any assessment of property which had been omitted from the tax rolls for previous years must be made at the same rate and upon the same basis as other property assessed during those years."
Plaintiff made no return of his tangible personal property for taxation as required by the statute for any one of the years 1938, 1939, 1940 and 1941, and *Page 202 
did not claim any specific exemptions from taxation, therefore he cannot now complain of lawful and valid assessments in 1941 of the tangible personal property he owned in the years 1938, 1939 and 1940. During those years sections 925 and 926 C.G.L., 1927, Sections 1 and 2, Chapter 9180, Acts of 1923, now Section 193.23, Florida Statutes 1941, required the tax assessor to assess for unassessed back taxes within a period of three years next preceding the current assessment year and "to assess the same separately for such year or years that such property may have escaped taxation at and upon the basis of valuation applied to such property for the year or years in which it escaped taxation, noting distinctly the year when such property escaped taxation, and such assessment shall have the same force and effect as it would have had if it had been made in the year in which the property shall have escaped taxation, and taxes shall be levied and collected thereon in like manner and together with taxes for the current year in which the assessment is made."
The statute also provides that when personal property is liable to taxation, the value of which shall not have been specified under oath as required by statute, the value of such personal property "shall be estimated by the county assessor of taxes at its true cash value, according to his best judgment and information." Sec. 919 (717) C.G.L., now Sec. 193.13 Fla. Statutes 1941.
As no return or claim of exemptions from taxation of specific amounts was made by the plaintiff as to taxation of his tangible personal property for ad valorem taxation in 1938, 1939, 1940 or 1941, he cannot *Page 203 
now complain of the assessments of such property for 1941 as to valuations or as to specific exemptions from taxation under the Constitution and the statute. For the years 1938, 1939 and 1940, the valuations of the property should as matter of law be the percentage of the ascertained full cash value that was used in making assessments for ad valorem taxation in the county for each year, 1938, 1939 and and 1940, separately. No exemptions were duly claimed for any of the named four years. It is not clearly shown by allegations of fact that the 100% valuation for the 1941 assessment was arbitrarily made and is illegally excessive. See Hackney v. McKenny, 113 Fla. 176, 151 So. 524. Chapter 20723, Acts of 1941, does not repeal Section 1, Chapter 9180, Acts of 1923, Section 925 C.G.L., but such latter Section is brought forward as Section 193.23 Florida Statutes 1941; and in this case Section 15, Chapter 20723, Acts of 1941, must be interpreted in connection with the prior statutes in force in 1938, 1939 and 1940, the years for which back taxes were assessed in 1941.
The return of plaintiff for 1942 taxation of his tangible personal property and the exemption now claimed, made an exhibit to plaintiff's bill of complaint, is not signed or dated or in any way affirmed or identified by verification or authentication as a property return for 1942; and even if the purported return for 1942 be considered as being of some evidentiary value, it is not duly made to appear that the full cash value of the plaintiff's tangible personal property as determined by the tax assessor in making the assessment for 1942 is excessive or that exemptions, if any were allowable and proven, were not allowed. The protest made in 1942 to the equalizing *Page 204 
board did not prove plaintiff's claim or show the assessment to be arbitrary or excessive.
If as alleged by plaintiff the real estate referred to in the bill of complaint was conveyed to the United States in 1932, the plaintiff is not entitled to an injunction against an alleged illegal assessment of taxes upon the lands.
The valuations of plantiff's tangible personal property for taxes for the years 1938, 1939 and 1940 should be made in accordance with the above quoted portion of Sections 1 and 2, Chapter 9180, Acts of 1923, Sections 925, 926 C.G.L., in force during such years. Otherwise the decree dismissing the bill of complaint is affirmed.
The decree appealed from is reversed in part and affirmed in part, as stated in the last preceding paragraph; and the cause is remanded for appropriate proceedings and decree.
It is so ordered.
BROWN, C. J., BUFORD and ADAMS, JJ., concur.