PER CURIAM.
By this interlocutory appeal, the appellant, tax assessor of Leon County, Florida, questions the validity of an order of the circuit court denying appellant’s motion to dismiss the amended complaint of the ap-pellee attacking the validity of assessment of lands of the appellee for ad valorem purposes which lands were alleged to be agricultural.
Timely protest of such assessments was made to the board of equalizers of the county.
The questions raised by appellant’s assignments of error, as viewed in connection with the order appealed from, have been definitely answered by both the Supreme Court of Florida and by this court.
In Markham v. Blount, 175 So.2d 526, the Supreme Court of Florida concurred in the findings and ruling of the chancellor wherein the chancellor stated: “The Court finds, determines and declares that it does not matter if the value of a specific piece of agricultural property would be higher if assessed in accordance with the criteria provided in Section 193.021 only, but the Plaintiff must nevertheless assess agricultural lands at only their value for agricultural use, and must take no other factors into consideration.” (Emphasis supplied). Also see Tyson v. Lanier, Fla., 156 So.2d 833 and Lanier v. Overstreet, Fla., 175 So.2d 521.
This court has made its own interpretation of F.S. § 193.11(3), F.S.A. and F.S. § 193.021, F.S.A. based on the guidelines laid down by the Supreme Court, supra, in Stiles v. Brown, 177 So.2d 672, opinion filed August 5, 1965 wherein it stated: “As we interpret the three decisions (Fla.Supreme Court), lands not being used for bona fide agricultural purposes must be assessed at fair market value without regard to their present use, but that agricultural lands must be assessed upon the basis of what somebody will pay for them for the purpose of raising timber, citrus, cattle, or for other farming operations.” In this latter case, however, this court agreed with the chancellor that the land owner desiring the beneficial treatment of Section 193.11 (3) had the duty of making the same known to the taxing authority by making timely return of his property or exhausting his administrative remedies. Because the land owner failed to do so, the assessment was held valid.
This court reiterates its holding in the Stiles v. Brown case, supra, as to the necessity for agricultural lands to be assessed for agricultural purposes only, pursuant, to *608 F.S. § 193.11(3), F.S.A., if timely return therefor is made to the assessor or administrative remedies exhausted.
Accordingly, the interlocutory appeal is dismissed.
RAWLS, C. J., and CARROLL, DONALD K., and JOHNSON, JJ., concur.