189 So.2d 643 (1966)
C.D. UTILITY CORPORATION, a Florida Corporation, Appellant,
v.
Edgar MAXWELL, Tax Assessor of Palm Beach County, et al., Appellees.
No. 291.
District Court of Appeal of Florida. Fourth District.
September 6, 1966.
*645 J.A. Plisco, of Plisco & Zalla, West Palm Beach, for appellant.
Ronald Sales, of Sales & Houston, West Palm Beach, for appellee-Maxwell.
GONZALEZ, JOSE A., Jr., Associate Judge.
This is an appeal by the plaintiff, C.D. Utility Corporation, from an order of the Palm Beach County Circuit Court dismissing its amended complaint against Edgar Maxwell, as Tax Assessor of Palm Beach County; Stetson O. Sproul, as Tax Collector of Palm Beach County; Ray E. Green, as Comptroller of the State of Florida; and the respective members of the Board of County Commissioners of Palm Beach County, Florida, as said commissioners.
The controversy arises out of the back assessment and taxation of plaintiff's property by the defendant-tax assessor pursuant to Florida Statutes § 200.16, F.S.A., which permits the tax assessor to assess and return for taxation tangible personal property which has escaped taxation for any or all of three previous years.
Stripped of its ample surplusage and extraneous conclusions, the amended complaint essentially alleges that plaintiff is the owner of both real and tangible personal property in Palm Beach County consisting of a water plant and a sewage treatment plant. These plants consist of buildings, pumps, tanks, distribution lines and other equipment for the treatment of water and sewage, and are alleged to be, for the most part, real property under the laws of Florida.
This property was assessed for real estate ad valorem taxes for years 1961, 1962, 1963, and 1964 based on assessed values of $8,630.00 for 1961 and $10,400.00 for the three subsequent years. These real property taxes were paid.
Plaintiff, while now admitting that it owns tangible personal property subject to taxation, failed to file a tangible personal property tax return, as required by Florida Statutes § 193.12 F.S.A. and Florida Statutes § 200.08, F.S.A., for any of the four years in question.
On December 16, 1964, the defendant-tax assessor sent to the board of county commissioners his "Certificate of Correction" of the 1964 tax roll whereby he amended the tax roll and assessed plaintiff's tangible personal property for 1964 *646 and back assessed said property for the three previous years. The assessor determined full value to be 1.4 million dollars. Assessing on the basis of 48 per cent of full value for 1961 and 30 per cent of full value for the three subsequent years, plaintiff's tangible personal property was assessed at $672,000.00 for 1961 and $420,000.00 for the three subsequent years.
On December 21, 1964, the board of county commissioners, without having sat as a board of tax equalization, certified the aforesaid "Certificate of Correction" to the defendant-tax collector who in turn sent plaintiff tax bills for the aforesaid ad valorem tangible personal property taxes.
On February 11, 1964, plaintiff filed the present action seeking injunctive and declaratory relief.
Plaintiff admits that its real and tangible personal property cost a total of $863,551.45; however, it maintains that its water and sewage plants constitute real property for the most part.
It is the main thrust of plaintiff's amended complaint that the defendant-tax assessor has arbitrarily and capriciously classified all of plaintiff's water and sewage treatment plants as tangible personal property in order to "back assess" plaintiff for three years' taxes. Plaintiff maintains this was done contrary to law and without affording him any remedy except to bring the present action.
It has long been recognized that the power to tax arbitrarily is the power to destroy, and, hence, it is provided by Article IX, Section 3, of the Constitution of the State of Florida, F.S.A. that no taxes shall be levied except in pursuance of law.
The obligation of a citizen to pay taxes is purely of statutory creation, and taxes can be lawfully levied, assessed and collected only as expressly provided by statute. State ex rel. Seaboard Air Line R. Co. v. Gay, 1948, 160 Fla. 445, 35 So.2d 403. Further, the general rule of strict construction whereby tax laws are to be construed strongly against the government and in favor of the taxpayer ordinarily applies to tax assessment laws, and any ambiguity or doubt must be resolved in favor of the person upon whom it is sought to impose the tax burden. 51 Am.Jur., Taxation, § 650.
Under Florida Statutes § 193.23, F.S.A. real property which has escaped taxation may be back taxed. Florida Statutes § 200.16, F.S.A. provides for the back assessment of tangible personal property which likewise has escaped taxation. Real property is defined by Florida Statutes § 192.02, F.S.A., personal property by Florida Statutes § 192.03, F.S.A., tangible personal property by Florida Statutes § 200.01, F.S.A. The latter class of property is specifically made taxable by Florida Statutes § 200.021, F.S.A.
It is elementary that the assessment and taxation of real property, i.e., permanent improvements to land, as tangible personal property is without basis in law and is, therefore, invalid. Illinois Grain Corporation v. Schleman, Fla.App. 1959, 114 So.2d 307.
The amended complaint here definitely asserts that plaintiff's water and sewer plant were classified by the tax assessor as tangible personal property when, in fact, they consist chiefly of real property under Florida law and further that said property was placed on the tax roll in a manner contrary to law.
A valid assessment is the first prerequisite to a valid tax and its enforcement. An assessment is void where it is not authorized by law, where the property is not subject to the tax assessed, or where the tax roll is illegal due to some affirmative wrongdoing by the taxing official. St. Joe Paper Company v. Ray, Fla.App. 1965, 172 So.2d 646.
*647 The tax assessor argues that the plaintiff is without standing to complain since it failed to file tangible personal property tax returns for the years 1961, 1962, 1963 and 1964 as required by Florida Statutes § 200.02, F.S.A. and Florida Statutes § 200.08, F.S.A.
In support thereof he relies heavily on Robins v. Daniel, 1942, 151 Fla. 199, 9 So.2d 381. Although at first blush it may appear that this case is controlling, a closer examination reveals the property there involved for back taxation purposes was strictly tangible personal property.
Florida Statutes § 193.14, F.S.A. does direct the assessor to value personal property, the value of which has not been specified under oath by the taxpayer, according to his best judgment and information. This authority, however, does not confer upon the assessor the right to exercise his judgment in an arbitrary, discriminatory or capricious manner.
If tax assessors can deliberately and arbitrarily classify real property as personal property, there would seem to be little value in laws regulating the assessment, levying and collection of taxes as it relates to different classes of property. Roberts v. American National Bank of Pensacola, 1927, 94 Fla. 427, 115 So. 261.
Although the owner of tangible personal property who fails to make a return thereof as required by law is not entitled thereafter to assault the ultimate assessment (Mariani v. Schleman, Fla. 1957, 94 So.2d 829), this does not prevent the owner from asserting that the attempted assessment is void for any of the reasons previously stated, and equity will afford relief against an illegal assessment. City of Tampa v. Palmer, 1925, 89 Fla. 514, 105 So. 115.
Florida Statutes § 200.35, F.S.A. provides for the imposition of a 10 per cent penalty against taxpayers who fail to return their tangible personal property for taxation. Statutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction. 24 Fla.Jur., Penalties and Forfeitures, § 5.
To deny an owner who has failed to file his required tax return the right of having the validity of an assessment judicially or administratively reviewed is to deprive such owner of his property without due process of law and to expose him to the imposition of arbitrary penalties beyond those provided.
The tax assessor herein takes the further position that plaintiff failed to exhaust its administrative remedies with reference to personal property taxation as a condition precedent to bringing this action.
Florida Statutes § 193.25 and § 200.19, F.S.A. provide that the board of county commissioners shall sit as a board of equalization and Florida Statutes § 193.27 and § 200.20, F.S.A. set forth the powers and duties of such a board.
Florida Statutes § 200.10, F.S.A. specifically provides for an appeal to the board of county commissioners sitting as a board of equalization of any assessment of tangible personal property in cases where the taxpayer makes or files a return.
The defendant-assessor has not cited nor have we found any specific administrative procedure available to this taxpayer who has failed to file a tangible personal property return whereby it may appeal the assessment of its property in this case.
In Mariani v. Schleman, supra, it was held that where a taxpayer not only failed to file a return but likewise failed to register any objection before the board of equalization as to the unfairness or invalidity of the assessment he could not thereafter assault the assessment on the ground that the property was improperly placed on the tax roll. See also Robins v. Daniels, supra.
*648 The holding of this decision is not applicable here, however. It is not only alleged but the appellees admit in their brief that the board of county commissioners sitting as a board of equalization adjourned sine die on July 14, 1964, and did not meet thereafter, i.e., following the assessment here complained of and prior to its certification to the tax collector.
Furthermore, exhaustion of administrative remedies is not a prerequisite to the maintenance of a suit in equity on the ground that the property attempted to be taxed is not subject to taxation (Okeelanta Sugar Refinery, Inc. v. Maxwell, Fla.App. 1966, 183 So.2d 567), nor where the essential and mandatory requirements of law are not observed in making the assessment. Stiles v. Brown, Fla.App. 1965, 177 So.2d 672; Graham v. City of West Tampa, 1916, 71 Fla. 605, 71 So. 926; City of Tampa v. Palmer, supra.
Additionally, the board of equalization would have had no jurisdiction to correct the claimed invalidity of the assessment because the assessment of plaintiff's real property as personal property was invalid on its face. Stiles v. Brown, Fla. 1966, 182 So.2d 612.
Article V, Section 6(3), of the Constitution of this state provides:
"Jurisdiction. The circuit courts shall have exclusive original jurisdiction in all cases in equity * * * in all cases involving the legality of any tax, assessment, or toll * * *."
Plaintiff's sole remedy was, therefore, to seek judicial review of the legality of the assessment in an appropriate chancery action in circuit court. See Seaboard Airline R. Co. v. Gay, Fla. 1964, 74 So.2d 569. By such a proceeding every element of due process is afforded the taxpayer.
In reviewing the action of the chancellor in dismissing plaintiff's amended complaint we must accept as true all the well pled material allegations of said complaint. Having done so, we find that the court below had jurisdiction of the subject matter, that plaintiff's amended complaint does state a cause of action, and that it was error to dismiss the same.
Accordingly, the order of dismissal is reversed and the cause is remanded for further proceedings.
ANDREWS, Acting C.J., and WALDEN, J., concur.