PEARSON, Judge
(dissenting).
The conclusion reached by the majority seems to place too great a reliance upon Sections 69 and 72 of the City Charter.
The question is whether the provisions of the city charter, as a legislative enactment of the State of Florida, superseded the declared public policy of the State that agricultural lands must be assessed upon the basis of what some one will pay for them for the purpose of agricultural operations. See Brown v. St. Joe Paper Company, Fla. App.1965, 178 So.2d 606. See also State ex rel. Beggrow v. Atkisson, Fla.App.1964, 170 So.2d 4S5. I would hold that the language of the city charter is not explicit and, therefore, does not accomplish the exception.
There is a general rule of strict construction whereby tax laws are construed strongly in favor of a tax payer. See C. D. Utility Corporation v. Maxwell, Fla. App.1966, 189 So.2d 643, 646. Where an enumeration of specific things is followed by a more general word or phrase, the general word or phrase is usually construed to refer to things of the same kind or species as those specifically enumerated. Chardkoff Junk Co. v. City of Tampa, 102 Fla. 501, 135 So. 457 (1931). This rule of construction precludes the inclusion of agricultural lands within section 69; therefore, the exception in section 72 is not applicable.
Therefore I would reverse.