SWANN, Judge.
The Board of Public Instruction of Dade County, Florida, hereinafter called the School Board, appeals from a final judgment for the plaintiff below, Dade County Classroom Teachers’ Association, Inc., hereinafter called C.T.A.
The final judgment made permanent a temporary injunction previously entered. The portion of the injunctive order which is challenged by the school board in this appeal provides:
“The requirements of the Defendant [School Board] for reappointment of certificated personnel are in conflict with F.S. 231.36 and 236.02(6) (a) (3) [F.S.A.] insofar as the same require that such personnel take and pass the National Teachers’ Examination or graduate record examination or national achievement tests, or other similar examinations or courses in lieu thereof, as a condition of appointment, reappointment or salary purposes.”
For convenience, these exams will be referred to as N.T.E.
The local school board asserts that even though the state statutes do not expressly give it specific authority to require teachers to pass any examination as a condition of reappointment, that its “special requirements” pursuant to which it requires teachers to pass certain examinations as a condition of reappointment are a proper exercise of its unquestioned power to establish minimum standards for the school system it operates and for its instructional personnel. It relies upon § 230.22, Fla.Stat., F.S.A.; 29 Fla.Jur. Schools § 19; 22 F.L.&P. Statutes §§ 64 and 65; and Dav-iess County Board of Education v. Van-over, 219 Ky. 565, 293 S.W. 1063 (1927).
It is conceded that the State Board of Education has sole authority to grant to applicants a certificate to teach in the State of Florida. The dispute is whether a local school board can require certificated non-tenure instructional personnel (teachers) to take and pass, with a certain score, the N.T.E. as a condition precedent for reappointment; i. e. to receive a continuing contract or tenure.
Section 236.02, Fla.Stat., F.S.A., which is cited in the injunctive order, sets forth the statutory requirements necessary in order that a county may participate in the state minimum foundation program fund for schools. Section 236.02(6) (a) (3), Fla. Stat., F.S.A., prohibits the use of the N.T.E. and other exams or tests as a “factor in determining salaries” only. This section does not refer to or relate to reappointment of teachers under a continuing contract. It is, therefore, not sufficient authority to prohibit the school board from requiring non-tenure teachers to take and pass the N.T.E. as a condition of their reappointment.
*212 Section 231.36, Fla.Stat., F.S.A., cited in the injunctive order, is entitled “Contracts with Instructional Staff”. It sets forth the requirements necessary in order that a local school board shall issue a continuing contract to a person employed as a member of its- instructional staff. The requirements summarized are that:
(1) The applicant must hold a four (4) year college degree;
(2) The applicant must have completed three (3) years of service in the same county during a period not in excess of five (5) successive years;
(3) The applicant must have been reappointed for the fourth year; and
(4) The applicant must have been recommended for such contract by the county superintendent.
Section 231.16, Fla.Stat., F.S.A., is per-. tinent to our consideration and is entitled “Types, Classes and Ranks of Certificates to be Issued.” The legislature in 1961 passed Chapter 61-263, Laws of Florida, which in part amended § 231.16(2), Fla. Stat., F.S.A., to provide, in part, as follows:
“No certificate other than a provisional or temporary certificate shall be issued, and no advance in certificate rank shall be granted, to an applicant who has not made a score of at least five hundred (500), or such higher minimum as may be fixed by regulation of the state board of education, on the common examination of the National Teacher Examinations or on a comprehensive examination approved by the state board of education as at least equivalent thereto.” (Emphasis added)
By passing this act in 1961 the legislature, for the first time; added the utilization of such tests as the N.T.E. as a condition precedent to obtaining a certificate and for an advance in certificate rank for teachers in Florida.
This provision was deleted from the Florida Statutes by the legislature, however, in 1967 when it passed Chapter 67-184, Laws of Florida. This chapter deleted from Section 231.16, Fla.Stat., F.S.A., its previous requirements that “no certificate shall be issued” and “no advance in certificate rank” shall be granted by a local school board unless the applicant had taken and passed the N.T.E. or an exam equivalent approved by the State Board of Education.
The school board argues this deletion does not prohibit it from issuing “special requirements” in Dade County which require a teacher who seeks reappointment to take and pass the N.T.E. It argues that § 231.36(3) (a) (4), Fla.Stat., F.S.A., provides, among other things, that the applicant for reappointment:
* ‡ * % i}c ‡
shall be entitled to and shall be issued a continuing contract in such form as may be prescribed by regulations of the state board
[if he]
“has been recommended by the superintendent for such continuing contract based on successful performance of duties and demonstration of professional competence.”
ífj
In order to demonstrate professional competence, the school board argues a local teacher must, in accordance with its special requirements, take and pass the N.T.E. with a certain score.
Titles to legislative acts may be examined and considered in order to determine the legislative intent. Foley v. State ex rel. Gordon, Fla.1951, 50 So.2d 179; Curry v. Lehman, 55 Fla. 847, 47 So. 18 (1908); and 30 Fla.Jur. Statutes § 102.
The title to Chapter 67-184, Laws of Florida, indicates that it amended sections 231.16 and 231.36, Fla.Stat., F.S.A., by eliminating the requirement of examination scores for issuance of certificates and con *213 tinuing contracts. It then deleted the provision which required a teacher to take and pass the N.T.E. with a minimum score from § 231.16, Fla.Stat., F.S.A. and amended § 231.36, Fla.Stat., F.S.A.
Since only local school boards can issue continuing contracts to a teacher under the law and since the title to Chapter 67-184, Laws of Florida, recited that it eliminated the requirement of examination scores for issuance of certificates and continuing contracts and since § 231.36, Fla. Stat., F.S.A., sets forth the specific requirements for issuance by a local board of a continuing contract and does not require the taking and passing of the N.T.E. with a certain minimum score, we affirm only that portion of the order which relates to the National Teachers’ Examination.
The language in the injunctive order referring to “graduate record examinations or national achievement tests, or other similar examinations or courses in lieu thereof, as a condition of reappointment” is, in our opinion, too broad and was not properly an issue before the trial court and is, therefore, stricken.
Section 231.36(3) (a) (4), Fla.Stat., F.S.A., supra, requires reappointment where the applicant has been recommended by the local superintendent of schools for a continuing contract “based on * * * demonstration of professional competence.” The C.T.A. concedes that a local school superintendent may require some type of test or examination for determining a teacher’s professional competence in order to base his recommendation for the applicant to receive a continuing contract from the local school board. They argue only that these tests or exams must not come within the ambit of the N.T.E. We agree.
The final judgment is, therefore, affirmed in part and reversed in part.
The school board argues that this injunctive relief was granted erroneously because there was no proof of irreparable injury. The final judgment recited:
“This cause came on to be heard before the Court on Thursday, January 22, 1970, upon the Plaintiff’s application for temporary injunction. At that time, the Court heard the argument of Counsel and, on February 6th, 1970, the Court entered a temporary injunction in favor of the Plaintiff and against the Defendant, Board of Public Instruction of Dade County. Thereafter, the Defendant filed its Motion to Dismiss which was denied. Thereafter, the parties stipulated in open court that there was no further necessity for the filing of additional pleadings by the Defendants; that in essence, the Defendant made a general denial of all of the allegations of the complaint. The parties further stipulated that there would be no change in the evidence offered on final hearing and that the Court could enter a final judgment in the proceedings utilizing the argument, testimony and evidence submitted upon the application for temporary injunction.”
There is no challenge as to these findings. We find that if error was committed by the trial court in this regard it was invited error under these circumstances. The final judgment is
Affirmed in part, reversed in part.
It is so ordered.