303 So.2d 654 (1974)
RIVER PARK JOINT VENTURE 315076, Composed of the Northwestern Mutual Life Insurance Company, Etc., et al., Appellants,
v.
Fred O. DICKINSON, Jr., Etc. et al., Appellees.
No. V-191.
District Court of Appeal of Florida, First District.
October 31, 1974.
Rehearing Denied December 13, 1974.
William Reece Smith and Sylvia Walbott of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellants.
Robert L. Shevin, Atty. Gen., Harold F.X. Purnell, Asst. Atty. Gen., Larry Levy, and J.W. Chalkley, III, Tallahassee, for appellees.
JOHNSON, Judge.
Appellants seek reversal of a final judgment, as modified, holding that a documentary *655 stamp tax was due upon a transaction involving a Bill of Sale transferring to appellant, a joint venture, title to a newly constructed office building.
We have heard oral argument in this cause and have carefully examined the record on appeal and the briefs submitted by counsel. Without reciting in detail the myriad of facts surrounding the transactions involved herein, we conclude that the record as a whole evidences a resulting trust situation with River Park City Center, Inc. holding bare legal title to the building as a trustee for the joint venture, the equitable owner. As such, the ultimate transfer of the building to the joint venture was not a taxable transaction.
The record as a whole illustrates that the substance of the transaction was a resulting trust. This was the parties' real intention and the transactions occurred as they did due to the requirements and prohibitions of the Tampa Urban Renewal Agency. The various written instruments executed prior to the transfer of title to the building, commencing with the commitment letter of December 14, 1970, indicate an intention from the beginning that title would be held by the joint venture and that it was in complete reliance upon this joint venture that the parties proceeded with the redevelopment project. It is clear that the trust relationship was intended all along because of the necessity to finance the purchase of the land and improvements and because of the strict requirements imposed by Urban Renewal.
Although some of the documents involved herein do indicate an intent to create a loan, rather than a trust relationship, we are obliged to look through the mere form of the transaction to the substance of the transaction. Roberts v. Roberts, 133 So.2d 421 (Fla.App. 1st, 1961). It is obvious to us, from the entire transaction and dealings among the appellants herein and the surrounding circumstances and nature of the project, that the parties herein intended to create a trust situation with River Park holding mere legal title to the building (until the Certificate of Completion was issued by Urban Renewal) on behalf of the equitable owner  the joint venture. Consequently, the ultimate transfer of the building to the joint venture was not a sale, but was a conveyance by a trustee exempt from the documentary stamp tax.
Having made this conclusion of a resulting trust situation, we find it unnecessary to rule upon or discuss appellant's remaining contentions regarding the transfer.
In conclusion, the judgment below ordering River Park to affix documentary stamps to the Bill of Sale is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
RAWLS, C.J., and MASON, ERNEST E., Associate Judge, concur.