QUESTION: Are non-tax-paid cigarettes "contraband" within the meaning of the Uniform Contraband Transportation Act, Ch. 74-385, Laws of Florida, so as to provide for forfeiture proceedings against vehicles used in transporting those cigarettes?
SUMMARY: Vehicles used in transporting non-tax-paid cigarettes are subject to forfeiture proceedings under Ch. 74-385, Laws of Florida. The Uniform Contraband Transportation Act, hereinafter referred to as the act, has as one of its intentions the establishment of uniform procedures for forfeitures of motor vehicles used in transporting contraband articles. This intent is gleaned from the judicial practice of examining the title of a given act. Board of Public Instruction v. Dade County Classroom Teachers' Association, 243 So.2d 210 (3 D.C.A. Fla., 1971). The title of the act, Ch. 74-385, Laws of Florida, in its pertinent parts states: AN ACT relating to . . . the seizure and forfeiture of vessels, vehicles and aircraft; . . . providing uniform procedures for confiscation of vessels, motor vehicles and aircraft containing contraband articles . . . . (Emphasis supplied.) The obvious legislative intent in creating this uniformity is to provide a plan by which contraband and that which is used in transporting this contraband are to be legally seized and forfeited. Prior to the adoption of the act, several state laws relating to specified contraband articles each provided for seizure of vessels, vehicles, and aircraft which were used to transport the named contraband. See s. 206.205, F. S. (non-tax-paid motor fuel), s. 562.27, F. S. (illegal alcoholic beverages), s. 562.35, F. S. (materials used in the manufacture of illicit liquors), s. 849.36, F. S. (lottery paraphernalia), s.849.231, F. S. (gambling devices), and s. 893.12, F. S. (illegal drugs and narcotics). The act amended each of the above-cited statutes to create uniform forfeiture proceedings according to the provisions of the act. In addition to providing for forfeiture of vessels, vehicles, or aircraft transporting the contraband embraced in the above statutes, the act created similar forfeiture in situations involving contraband within the meaning of state tobacco law, a provision not theretofore found in Florida law. The question remaining then is: Why is there no mention of the tobacco statutes within ss. 5 through 10 unless the Legislature intended to exclude them from the coverage of the act? The answer becomes apparent when one views the tobacco statutes, their prior authority regarding forfeitures, and the stated purpose of the act to unify statutory forfeiture procedures. As will be shown, there was no necessity to include Ch. 210, F. S., the tobacco laws, in these sections because prior to the act there was no authority to seek forfeiture of vehicles used in violation of the tobacco laws. However, the act has now plainly and explicitly authorized such proceedings. Hence, since no prior authority existed, there also was no procedural mechanism which needed to be made uniform and therefore includable within ss. 5 through 10. Section 210.12(1), F. S., states: 210.12 Seizures; forfeiture proceedings. — (1) The state, acting by and through the division of beverage, shall be authorized and empowered to seize, confiscate and forfeit for the use and benefit of the state, any cigarettes upon which taxes payable hereunder may be unpaid, and also any vending machine or receptacle in which such cigarettes are held for sale, or any vending machine that does not have affixed thereto the identification sticker required by the provisions of s. 210.07, or which does not display at all times at least one package of each brand of cigarettes located therein so the same is clearly visible and arranged in such a manner that the cigarette tax stamp or meter impression of the stamp affixed thereto is clearly visible. Such seizure may be made by the division, its duly authorized representative, any sheriff or deputy sheriff, or any police officer. This section authorized seizure and forfeiture of only the nontax-paid cigarettes; no provision was made for the forfeiture of vehicles used to transport, conceal, or sell the cigarettes. Since neither procedural mechanism nor authority was statutorily provided for vehicular forfeiture under Ch. 210, F. S., the act created both. Support of this theory may be found in two principles of statutory construction. The first is that when different statutes relate to the same subject and those statutes exist in possible or actual conflict, it is the latest expression, in time, of the Legislature which will control over the earlier. Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962). The second is that the legislative intent is the polestar by which the courts must be guided. To this principle all rules of statutory construction are subordinate. American Bakeries Co. v. Haines,180 So. 524 (Fla. 1938). The obvious legislative intent of the act is uniformity. Applying these principles to the situation under consideration, it is seen that the earlier expression of the Legislature relative to forfeiture of non-tax-paid cigarettes is s. 210.12, F. S. It makes no provision for forfeiture of vehicles. The latest legislative expression is the act. It does provide for such forfeiture. In regard to the latter principle, clearly the act is a statute of specific intent. Chapter 210, F. S., is a general law not speaking directly to specific vehicular forfeitures. Accordingly, the act controls. Further support of the above is found when once again the title of the act is examined. There it is seen that the act provides "for seizure and forfeiture of vehicles illegally transporting or delivering . . . tobacco." (Emphasis supplied.) Turning now to the provisions of the act, s. 2(1)(c) defines as a contraband article "[a]ny equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state." Referring to the tobacco laws of Florida, specifically s. 210.18(1), F. S., it is seen that the possession or transportation of non-tax-paid cigarettes for purposes of sale is a misdemeanor of the first degree. Therefore, since the possession or transportation of non-tax-paid cigarettes violates the state tobacco laws, non-tax-paid cigarettes are contraband within the meaning of s. 2(1)(c) of the act. Since s. 2(a) of the act makes it unlawful to transport any contraband article by means of a motor vehicle, that motor vehicle is subject to the seizure and forfeiture provisions of ss. 3 through 5 of the act.