SMITH, Judge.
Zuckerman-Vernon Corp. has petitioned for review of the Department’s assessment of documentary stamp taxes in the amount of $55,649.70 and a penalty in the same amount for petitioner’s failure to affix documentary stamps to a deed from Bayshore 21, Inc., to petitioner and its joint venturer, Marvin Glick. Secs. 120.68, 201.02, P.S. 1975. Petitioner insists that the conveyance from Bayshore to the joint venturers on August 27, 1973, was but part of the same transaction in which Bayshore acquired the property August 23, 1973, as trustee for the joint venturers. Documentary stamps in the appropriate amount were affixed to the earlier deed.
Petitioner urges that the joint venturers provided Bayshore all the cash required for its acquisition of the property, personally guaranteed Bayshore’s mortgage notes and intended that Bayshore should hold only a paper title for the brief period necessary to arrange Bayshore’s financing on the strength of the guarantors’ credit. The joint venture agreement dated August 23, to which Bayshore was not a party, recited that Bayshore “has taken title” as trustee. The hearing officer noted that interest rates at the time were higher than those which could lawfully be contracted for by an individual.
The hearing officer found as facts that Bayshore contracted to buy in its corporate name, not as trustee or in another representative capacity, placed $500,000.00 earnest money in escrow when executing the purchase and sale agreement, and took title in its own name, not as trustee. The hearing officer found it was Bayshore’s funds, borrowed or otherwise, which made the purchase possible and found no evidence of an express trust relationship between Bay-shore and the joint venturers. She further found no evidence that Glick provided Bay-shore with cash to secure the purchase and sale agreement or, if he did, that he did so as petitioner’s joint venturer rather than as Bayshore’s principal.
To overcome these findings, petitioner relies on the retrospective recitation in the joint venture agreement, on joint venture records showing receipts and disbursements on and after August 23 and on unsworn statements made by counsel interpreting the mute documents. The transaction was color ably like that involved in River Park Joint Venture, 315076 v. Dickinson, 303 So.2d 654 (Fla.App. 1st, 1974), cert. den. 315 So.2d 195 (Fla.1975), and Department of Revenue v. Bel-Aire Village, Ltd., 334 So.2d 610 (Fla.App. 1st, 1976), cert. pending (Fla.1976), but it would be entirely inappropriate for us on this record to characterize the interest acquired by Bayshore on August 23 as the “bare legal title” of a trustee. River Park, 303 So.2d at 655. The principal evidence on which petitioner relies to overcome the hearing officer’s findings is nothing more than unsworn argument by counsel who, though perhaps in a position to testify, did not. Our duty is not to substitute our judgment concerning the weight of the evidence on disputed findings, but only to set aside agency action if it is not supported by competent substantial evidence in the record. Sec. 120.68(10), F.S.1975. Petitioner has not demonstrated error. We will therefore deny the prayer of the petition to review and quash the assessment of the documentary stamp tax.
The assessment of a $55,649.70 penalty is, however, another matter. The State adds gratuitous insult to injury by insisting that this stamp tax be paid not once, not twice, but three times. Though petitioner’s proof failed, it took a substantial position and advanced it in good faith with significant supporting evidence. The question was fairly debatable. If the amount of the penalty assessed pursuant to § 201.17(2), F.S., is a matter generally within the discretion of the Department, the record contains no evidence that the Department exercised informed discretion before acting to assess a $55,649.70 penalty.
*687 On this record, we find such a penalty unconscionable. Therefore, in the exercise of our equitable powers, we will permit assessment of a penalty in a lesser and reasonable amount necessary for protection of the State’s interest. Dominion Land & Title Corp. v. Department of Revenue, 320 So.2d 815, 818 (Fla.1975). A penalty of no more than $5,000 is appropriate.
The petition for review will be granted in part and the Department’s order modified to provide for a penalty of $5,000, instead of $55,649.70.
GRANTED IN PART, DENIED IN PART.
RAWLS, Acting C. J., and MILLS, J., concur.