Harry L. Coe, Jr. Executive Director Department of Revenue Tallahassee
QUESTION:
Does the Department of Revenue, under the provisions of s. 201.17, F. S., as amended by Ch. 77-281, Laws of Florida, have the authority to compromise documentary stamp tax penalties on proposed assessments made after July 1, 1977, and if so to what extent?
SUMMARY:
Under the provisions of s. 201.17(3), F. S. 1977, as enacted by Ch. 77-281, Laws of Florida, the Department of Revenue has the authority to compromise documentary stamp tax penalties on proposed assessments made after July 1, 1977, to the extent that its investigation reveals them to be too severe or unjust, even when such penalties result from fraud. The statute gives the Department of Revenue the specific authority to compromise penalties on previously proposed assessments which have not become final as of July 1, 1977, if its investigation discloses that the penalty would be too severe or unjust. The power to compromise such penalties does not include the power to remit or completely waive the proposed penalty, however. Proposed assessments made prior to July 1, 1977, will not have become final by that date, if less than 30 days has elapsed even though no administrative review has been sought; or, if administrative review has been sought, until a final order has been entered by the Department of Revenue. Where review has been sought in circuit court by way of an action for declaratory judgment, but the assessment has become final, the penalty will not be subject to the compromise provisions of s.201.17(3), as created by ch. 77-281.
Your letter inquires as to the circumstances under which proposed assessments made prior to July 1, 1977, become final, apparently for purposes of determining on which of those the Department of Revenue may appropriately compromise penalties.
The 1977 Legislature of the State of Florida, by enacting Ch.77-281, Laws of Florida, amended s. 201.17, F. S., by changing subsection (2) and adding a new subsection (3) thereto, so that the section now provides as follows:
 (2) Any document, instrument, or paper upon which the tax under this chapter is imposed and which, upon audit or at time of recordation, does not bear the proper value of stamps shall subject the person or persons liable for the tax upon the document, instrument, or paper to:
(a) Purchase of the stamps not affixed.
 (b) Payment of a penalty to the Department of Revenue equal to 25 percent of the purchase price of the stamps not affixed. If it is determined by clear and convincing evidence that any part of a deficiency is due to fraud, there shall be added to the tax as a civil penalty, in lieu of the aforementioned penalty under this subparagraph, an amount equal to 100 percent of the deficiency. These penalties are to be in addition to, and not in lieu of, any other penalties imposed by law.
 (3) The department may compromise any penalty on any proposed assessment which has not become final on the effective date of this act if its investigation reveals that the penalty would be too severe or unjust.
Prior to the amendments made by Ch. 77-281, Laws of Florida, s.201.17, F. S., provided for a mandatory 100 percent penalty with no authority reposing in the department to waive or compromise this penalty. State of Florida Department of Revenue v. Zuckerman-Vernon Corporation, — So.2d — (Fla. 1977), reversing 339 So.2d 685 (1 D.C.A. Fla., 1976); AGO 076-215; cf. Dominion Land and Title Corporation v. Department of Revenue,320 So.2d 815 (Fla. 1975).
The language of this new wording itself creates some question as to its scope and application. This ambiguity is not resolved to any great extent by resort to the Journals of the House of Representatives or the Senate, inasmuch as the language in question was added to the statute as part of a floor amendment. The initial question for determination is whether the compromise provisions of subsection (3) apply to penalties on those proposed assessments initiated after the effective date of the act, or whether they apply only to those already proposed but not finalized as of the effective date of the act. When the language of a statute is not clear or is susceptible to more than one interpretation, it is generally considered appropriate to look to the title of the act as an aid to construction and in determining the legislative intent or purpose. Foley v. State, 50 So.2d 179,184 (Fla. 1951); Jackson Lumber Company v. Walton County,116 So. 771 (Fla. 1928), app. dism'd, 73 L.Ed. 1011 (1928); Curry v. Lehman, 47 So. 18 (Fla. 1908); Board of Pub. Inst. v. Dade County Classroom Teach. Ass'n, 243 So.2d 210, 212 (3 D.C.A. Fla., 1971); 30 Fla. Jur. Statutes s. 108. Moreover, it has been held that the scope of an act is defined by its title. Finn v. Finn,312 So.2d 726, 730 (Fla. 1975), approving 294 So.2d 57 (3 D.C.A. Fla., 1974); Hillsborough County v. Price, 149 So.2d 912 (2 D.C.A. Fla., 1963). The title of Ch. 77-281, supra, contains no indication that the authority to compromise penalties is to be limited to those already proposed but not finalized on the act's effective date; the title merely indicates in pertinent part that it is an act `authorizing the department to compromise penalties which are too severe or unjust.' There is no language in the title of the act which in any way qualifies or restricts the penalties which the department is empowered to compromise or which limits the authority conferred to certain or particular penalties. This would indicate a legislative intent and purpose that the department would have the power to compromise any penalty on any proposed or unperfected assessment which might be made in the future, as well as those assessments not perfected or which had not become final on the effective date of Ch. 77-281. The body of the act is consistent with the title empowering the department to `compromise any penalty on any proposed assessment' which has not become final, or not perfected, on the effective date of the act if the same is found to be too severe or unjust. This interpretation is buttressed by the general rule of construction relating to statutes imposing a penalty to the effect that they are to be liberally construed in favor of the person upon whom the penalty is to be imposed. Adler-Built Industries, Inc. v. Metropolitan Dade Co., 231 So.2d 197, 200 (Fla. 1970), quashing 222 So.2d 264
(3 D.C.A. Fla., 1969); Hotel and Restaurant Com'n v. Sunny Seas No. One, 104 So.2d 570 (Fla. 1958); C.D. Utility Corporation v. Maxwell, 189 So.2d 643, 647 (4 D.C.A. Fla., 1966). Somewhat more specifically, it has been held in other jurisdictions that statutes providing for the remission or reduction of penalties upon delinquent taxpayers are liberally construed in favor of the taxpayer. Beecher v. Board of Supervisors, 50 Iowa 538 (1879); 72 Am. Jur.2d State and Local Taxation s. 864. Additionally, the statute vests in the department the right to compromise `any
penalty or any proposed assessment.' (Emphasis supplied.) The word `any' has been defined to mean, `. . . one or all, one or more indiscriminately of the total number . . . .' Wilson v. Crews,34 So.2d 114, 118 (Fla. 1948); see also Black's Law Dictionary 120 (Rev'd 4th Ed.). Thus, within the framework of statutory construction the term `any,' as used in s. 201.17(3), F. S. 1977, would appear to carry no limitations whatsoever. Accordingly, under the circumstances, it is my conclusion that the Department of Revenue does now have the statutory power to compromise proposed penalties on proposed or unperfected assessments made after July 1, 1977, as well as those proposed assessments which had not become final or perfected on July 1, 1977, the effective date of Ch. 77-281, supra.
There is no provision for a limitation on or qualification of the department's power to compromise such penalties other than the necessity for finding upon proper investigation that the statutory penalty would be too severe or unjust. Such a compromise may be made only after an investigation and such finding, under the provisions of the new statute. Following the investigation, the department should exercise its discretion in a sound manner consistent with established rules of justice and equity, not arbitrarily or capriciously. State v. Knox, 14 So.2d 262 (Fla. 1943); 67 C.J.S. Officers ss. 102, 197. Accordingly, if the department should so find in a given case it would appear to have the power to appropriately compromise a penalty.
As noted above, the department does not seem to have any limitation specifically ingrained in the statutes on its power to `compromise' penalties. However, the term `compromise' itself generally suggests mutual concessions by the opposing parties. Black's Law Dictionary 359, supra. Accordingly, the use of this term by the Legislature as opposed to the term `waive,' indicates that the department does not have the discretion to reduce the penalty to nothing, or to remit or waive it.
Your letter does not specifically inquire into this matter; however, the text of the new statute creates some question as to whether the authority to compromise penalties extends only to the 25 percent penalty or whether it also includes the 100 percent fraud penalty. Inasmuch as the authority to compromise penalties is stated as a separate subsection, it would seem to be equally applicable to both sentences of the previous subsection (2) imposing both of the foregoing penalties. Moreover, the broad and unqualified language referring to `any penalty' (found to be too severe or unjust) in the new subsection (3) would seem to indicate its applicability to all penalties, as noted above. As a practical matter, it may well be that there would be few, if any, equitable situations where the penalty on a deficiency due to fraud could be said to be too severe or unjust. However, if the department's investigation should reveal such to be the case, i.e., unconscionable, the department would appear to have the statutory authority to compromise such a penalty as well. Your letter goes on to inquire about the finality of certain proposed assessments made prior to July 1, 1977, for purposes of determining whether they might now be compromised. Your first question in this regard is when a proposed assessment made prior to that date becomes final when no administrative relief has been sought within the time limit authorized by the department. I am advised that the present practice of the Department of Revenue upon ascertaining that insufficient documentary stamps may have been affixed to a certain instrument is to send the taxpayer a notice of proposed assessment in the body of which he is advised that the proposed assessment will become final in 30 days if no administrative review is requested by him within that time. Although there is no statutorily prescribed time period within which a proposed assessment becomes final, 30 days would appear generally to be a reasonable period of time within the contemplation of s.120.57(1)(b) and (2)(a), F. S., requiring that an agency give an affected party reasonable notice of at least 15 days prior to taking final action affecting his substantial interest. Accordingly, it would be my opinion that the Department of Revenue may fix, and has properly and reasonably fixed, the period within which a proposed assessment becomes final as 30 days after its rendition in the absence of a request by the taxpayer for administrative review.
You also inquired as to the date of finality when administrative review has been requested. Under the provisions of Ch. 120, F. S., a proposed assessment would become final as such time as the head of the agency, in this case the Governor and Cabinet (s. 20.21(1) F. S.), enters a final order, regardless of whether subsequent judicial review is requested. Section 120.68(3) F. S.
Additionally, your letter inquires when an assessment made prior to July 1, 1977, becomes final where the taxpayer files suit for declaratory judgment in circuit court to have it reviewed. Although review by circuit court through an action for declaratory judgment is a judicially sanctioned method of review of a documentary stamp tax assessment, it is not a part of the statutory procedure for the rendition of an assessment. Department of Revenue v. University Square Corp., 336 So.2d 371 (1 D.C.A. Fla., 1976), cert. den., — So.2d — (Fla. 1977). Accordingly, unless an appropriate temporary injunction or restraining order has been issued, filing suit for declaratory judgment would not of itself prevent a proposed assessment which had not already become final from becoming final upon the expiration of 30 days as noted above. Where such assessment has become final prior to July 1, 1977, the provisions of Ch. 77-281, Laws of Florida, do not apply, even though judicial review has not been completed as of the effective date of that act. State of Florida, Department of Revenue v. Zuckerman-Vernon Corporation, supra. The courts, of course, do have limited equitable powers to reduce such penalties, State of Florida v. Zuckerman-Vernon Corporation, supra; Dominion Land Title Corporation v. Department of Revenue, supra.
Prepared by: E. Wilson Crump II, Assistant Attorney General