Mr. Donald K. Rudser Attorney for the Hamilton District School Board Post Office Drawer 1011 Jasper, Florida 32052
Dear Mr. Rudser:
As attorney for the Hamilton District School Board you have asked for my opinion on substantially the following question:
Is the Hamilton District School Board authorized by s. 235.04(1), F.S., as amended by s. 3, Ch. 89-226, and s. 13, Ch. 89-278, Laws of Florida, to give surplus school property to the Boys and Girls Club of White Springs without compliance with Rule 6A-2.028(1), F.A.C.?
In sum:
The Hamilton District School Board is authorized by s. 235.04(1), F.S., as amended supra, to give unnecessary real property to the Boys and Girls Club of White Springs without compliance with Rule6A-2.028(1), F.A.C., of the State Board of Education if the board acts in the best interests of the public.
Information which you have provided indicates that the Hamilton District School Board currently holds title to the Carver School, a facility which has been determined to be unnecessary for educational purposes as recommended in an educational plant survey pursuant to s. 235.04(1), F.S.
The Boys and Girls Club of White Springs, Hamilton County, Inc., has requested that the Hamilton District School Board give it the school for use as a boys and girls club. The Boys and Girls Club of White Springs is a nonprofit organization whose purpose is "promoting the general welfare of the boys and girls and other citizens of and the community of White Springs, Hamilton County, Florida."[1]
This office stated in AGO 86-107 that the Hernando County School Board must comply with Rule 6A-2.28(1), F.A.C. (now Rule 6A-2.028, F.A.C.), in disposing of surplus educational property to a nonprofit, nongovernmental volunteer fire department. That rule of the State Board of Education requires that surplus property be disposed of by transfer to another governmental agency or by public or private sale. Thus, it was concluded that the school board could not lease such property but must sell the property either with or without resorting to competitive bids depending on the value of the property.
You question the continued validity of this opinion in light of changes made to s. 235.04(1), F.S., during the 1989 legislative session.
Section 235.04(1), F.S. (1987), relating to the disposal of school board property states, in part, that:
Subject to rules of the state board, a board may dispose of any land or real property which is, by resolution of such board, determined to be unnecessary for educational purposes as recommended in an educational plant survey. A board shall take diligent measures to dispose of educational property only in the best interests of the public.
The underlined portion of the statute, above, represents language which was stricken when this section was amended by s. 13, Ch. 89-278 and s. 3, Ch. 89-226, Laws of Florida.
The administrative rule which relates to this matter is Rule6A-2.028(1), F.A.C., promulgated by the State Board of Education, which provides as follows:
(1) A board may dispose of any land or other real property which has been declared by resolution of the board to be unnecessary or unsuitable for educational purposes and which is recommended for disposal in the education plant survey. The board may dispose of such property by one of the following methods: (a) Transfer to other governmental agency.
* * *
(b) Public or private sale:
1. When the property, in the opinion of the board, has an estimated value of twenty-five thousand dollars ($25,000) or less, the board may dispose of the property by either public or private sale for whatever consideration the board deems to be in the best interest of the public.
2. When the property, in the opinion of the board, has an estimated value in excess of twenty-five thousand dollars ($25,000), the board shall dispose of the property by public sale. Such sale shall be by sealed bid, and shall be advertised for three (3) consecutive weeks in a newspaper having general circulation in the district and in additional newspapers if, in the judgment of the board, the best interest of the public will be served by additional notices offering the property for sale. Upon receipt of sealed bids on the date specified, the board shall have the authority to reject any or all bids. The boards shall request sealed property appraisals from at least three (3) qualified real estate appraisers prior to or concurrent with receiving bids. If the highest bid represents a fair value of the property based upon the appraisals, the board shall accept the bid. If the bid does not represent a fair value, then the appraisers shall fix the appraised value which the board shall accept as a minimum for the property. The board shall then reject all bids and proceed to dispose of the property by public or private sale for an amount at least equal to the appraised value. If after six (6) months the board fails to sell the property at the appraised value as set by the appraisers, the board may readvertise for the public sale of the property and reinitiate the same procedure as outlined above.
School boards are authorized by s. 230.03(2), F.S., to exercise any power for school purposes in the operation, control and supervision of the public schools in their districts unless expressly prohibited by the State Constitution or general law. Thus, although Rule 6A-2.028(1), F.A.C., supra, is an administrative rule, not general law, s. 235.04(1), F.S. (1987), made the disposal of such property subject to the rules of the state board.
However, with the deletion of the phrase "[s]ubject to rules of the state board" from s. 235.04(1), F.S., by the 1989 amendments thereto, this requirement that disposal of unnecessary property be accomplished pursuant to administrative rules of the State Board of Education was eliminated. The general rule is that where language is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.[2]
Moreover, the title to Ch. 89-226, Laws of Florida, states that the purpose of the act is, in part, to "amend[ing] s. 235.04, F.S.; authoriz[e] boards as defined in s. 235.011, F.S., including district school boards, to dispose of unnecessary real property without being subjected to the rules of the State Board of Education. . . ." The title of an act may be used in determining legislative intent.[3]
Thus, in the absence of any statutory or constitutional prohibition, the Hamilton District School Board may dispose of real property which is, by resolution of the board, determined to be unnecessary for educational purposes as recommended by an educational plant survey without compliance with Rule 6A-2.028(1), F.A.C., if a determination is made by the board that its action is in the best interest of the public.
Sincerely,
Robert A. Butterworth Attorney General
[1] See, Memorandum of Law submitted by Donald Rudser, October 13, 1989.
[2] Fine v. Moran, 77 So. 533, 536 (Fla. 1917).
[3] Board of Public Instruction of Dade County v. Dade County Classroom Teachers' Association, 243 So.2d 210 (3 D.C.A.Fla., 1971), AGO 76-43.