Ms. Phyllis O. Douglas Dade County School Board Attorney Board Administration Building 1450 Northeast Second Avenue Miami, Florida 33132
Dear Ms. Douglas:
You ask substantially the following question:
May a district school board, pursuant to section 112.0801, Florida Statutes, pay the cost of health and hospitalization insurance for a retired school board member and his or her eligible dependents?
In sum:
Section 112.0801, Florida Statutes, authorizes, but does not require, a district school board to pay the cost of health and hospitalization insurance for a retired school board member and his or her eligible dependents.
Section 112.0801, Florida Statutes, provides in pertinent part:
Any state agency, county, municipality, special district, community college, or district school board which provides life, health, accident, hospitalization, or annuity insurance, or all of any kinds of such insurance, for its officers and employees and their dependents upon a group insurance plan or selfinsurance plan shall allow all former personnel who have retired prior to October 1, 1987, as well as those who retire on or after such date, and their eligible dependents, the option of continuing to participate in such group insurance plan or self-insurance plan. Retirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees. For the retired employees and their eligible dependents, the cost of any such continued participation in any type of plan or any of the cost thereof may be paid by the employer or by the retired employees. . . .
You note that the statute appears to use the terms "officers and employees," "personnel" and "employees" interchangeably. However, as the sentence in section 112.0801, Florida Statutes, authorizing the payment of premiums by the public agency refers to retired "employees," you ask whether the school board may pay part or all of the premiums for school board officers. You have enclosed a letter from the State Retirement Director stating that if the school board elects to pay any portion of the premium of former personnel who have retired, such payments would apply to retired officers as well as retired employees.[1]
In construing the meaning of a statute, the primary purpose is to give effect to the intent of the Legislature.[2] In determining such intent, the courts will consider the act as a whole, the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of law already in existence bearing on the subject.[3]
Section 112.0801, Florida Statutes, was created by section 2, Chapter 76-151, Laws of Florida, to authorize school boards and other public agencies to provide hospitalization and other forms of insurance to the "officers and employees" of such agencies and to permit "retired former personnel" the option of continuing to participate in such group insurance, provided that the cost for such continued participation shall be paid for the "retired employee." Since both officers and employees were permitted to continue to participate in such group insurance, the reference requiring the "retired employee" to pay the cost for such continued participation would appear to encompass both officers and employees.
In 1980, the statute was amended to authorize a county or municipality to pay all or a portion of the cost of continued participation if it so desired.[4] Section 112.0801, Florida Statutes, was again amended in 1981 to authorize the participation of eligible dependents of retired personnel in the agency's insurance plan. It provided that
continued participation or any portion thereof for the retired employees only may be paid by the employer or retired employee. Any such coverage continued on behalf of dependents of the retired employee shall be paid for entirely by the retiree. In addition, the county, municipality, community college, or district school board in the state may commingle the claims experience of the retiree group with the claims experience of the active employees. Premiums resulting from the commingling, or any portion thereof, may be paid by the employer or retired employee.[5]
Section 1 of Chapter 87-373, Laws of Florida, amended the language of section 112.0801, Florida Statutes, to its present form. The title to Chapter 87-373 states that it is "[a]n act relating to retired public officers and employees; amending s. 112.0801, F.S.; requiring state agencies to allow retired employees or their dependents to participate in the agency's group insurance programs or self-insurance plans. . . ." The language of the act itself, however, clearly requires agencies to allow retired officers and employees and their dependents to participate in the agency's insurance program.
Moreover, an examination of the legislative history surrounding the 1987 amendments indicates that the term "employee" would encompass both officers and employees of an agency. The staff analysis for the bill states in part:
Presently, all public employers who provide insurance coverage under section 112.0801, F.S., must allow retired employees the option of continuing participation in the employer's group insurance plan. . . .
* * *
This proposed legislation adds state agencies to the list of public employers under section 112.0801, F.S., that are required to provide their retirees with continued participation in the employer's group insurance programs. . . . Even though employers must offer the same coverage and cost to retired employees as active employees, they are not required to pay any of the premium cost. Retirees may still be required to pay the full cost.[6]
The section title or heading to section 112.081, Florida Statutes, itself states that the statute relates to "Group insurance; participation by retired employees" while the text of the statute provides for participation by retired officers and employees.[7]
In light of the above, it appears that the Legislature used the term "employee" in section 112.081, Florida Statutes, to encompass both officers and employees of an agency. Accordingly, I am of the opinion that section 112.0801, Florida Statutes, authorizes, but does not require, a district school board to pay the cost for health and hospitalization insurance for a retired school board member and his or her eligible dependents.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Letter to Mr. Johnny Brown, attorney for the Dade County School Board, from Mr. A. J. McMullian III, State Retirement Director, dated September 11, 1995.
[2] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950).
[3] See, e.g., State v. Webb, 398 So.2d 820 (Fla. 1981); Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958).
[4] Section 1, Ch. 80-304, Laws of Florida. The staff analysis, in describing the effect of the proposed legislation, states that the 1979 statute allowed the public agencies to offer continued participation in their group insurance plans to their retired officers and employees at the former officer's or employee's expense; under the proposed bill, the agency could pay "the full cost or any portion thereof of group insurance for retired former personnel." See, Staff Analysis on HB 424 by the Committee on Community Affairs, Florida House of Representatives, dated February 22, 1980.
[5] Section 5, Ch. 81-103, Laws of Florida.
[6] See, Senate Staff Analysis and Economic Impact Statement on CS/CS/SB 399, dated May 22, 1987.
[7] Board of Public Instruction of Dade County v. Dade County Classroom Teachers' Association, 243 So.2d 210 (Fla. 3d DCA 1971) (legislative intent is gleaned from the judicial practice of examining the title of a given act).