Chief Mitchell T. Pollock Mexico Beach Police Department Post Office Box 13425 Mexico Beach, Florida 32410
Dear Chief Pollock:
You ask substantially the following question:
Is the chief of police required by section 166.049, Florida Statutes, to schedule at least two law enforcement officers to be on duty at all times?
In sum:
The chief of police is not required by section 166.049, Florida Statutes, to have two law enforcement officers on duty at all times if the chief establishes a means for the law enforcement officer on duty to communicate with the sheriff's department and to request assistance or enters into a mutual aid agreement which permits the officer on duty to communicate with other law enforcement agencies and request assistance.
You state that many police departments in Florida financially cannot afford to have two police officers on duty at all times. However, you ask whether section 166.049, Florida Statutes, imposes such a requirement on municipal police departments. Section 166.049, Florida Statutes, provides:
"The chief of police shall:
(1) Schedule at least two law enforcement officers to be on duty at all times. While on duty, each officer must be able to communicate directly with the other and, if not engaged in another law enforcement activity, respond to the other officer's request for assistance; or
(2) Establish a means for a municipal law enforcement officer to communicate with the county sheriff's office and to request assistance of a routine law enforcement nature from the county sheriff's office; or
(3) Establish a mutual aid agreement as provided in chapter 23 in order for a municipal law enforcement officer to communicate with municipal law enforcement agencies of other jurisdictions and to request routine law enforcement assistance from those agencies."
Section 166.049, Florida Statutes, was created in 1995 as part of the "Officer Jeffery Tackett Law Enforcement Safety Act."[1] In creating the act, the Legislature made the following finding:
"The Legislature finds that this act fulfills an important state interest because law enforcement is an inherently dangerous occupation, as demonstrated by the loss of life of Officer Jeffery Tackett, and therefore it is essential that law enforcement officers, to adequately protect themselves and the public, be able to maintain communications and to request assistance."[2]
The title to the act states in part that it is "[a]n act relating to municipal law enforcement agencies; . . . requiring specified municipal law enforcement agencies to establish a means to communicate with other law enforcement agencies and to request assistance. . . ." While the title of an act is not part of the basic act, it has the function of defining the scope of the act.[3]
It thus appears that the purpose of the act is to ensure that a municipal police officer has the means of communicating with another officer and requesting the assistance of another officer who is reasonably available to promptly respond to routine requests for assistance. This may be accomplished in several ways. The chief of police may assign at least two officers to be on duty at all times provided such officers have the ability to communicate with each other and, if necessary, to respond to each other's request for assistance or the chief of police may either establish a means for a municipal police officer to communicate with the sheriff's office and to request assistance or enter into a mutual aid agreement with another law enforcement agency to provide such communication and assistance to the police officer. Any of the three alternatives satisfy the purpose of the statute.
An examination of the legislative history surrounding the enactment of the statute in 1995 supports such an interpretation. While the original bill filed required municipal law enforcement agencies to have at all times at least two law enforcement officers on duty who could communicate with and respond to another officer's request for assistance, the bill was subsequently amended to permit alternatives.[4]
Accordingly, I am of the opinion that while the chief of police of a municipal law enforcement agency must ensure that one of the three alternatives set forth in section 166.049, Florida Statutes, is met, the statute does not require the chief to have two officers on duty at all times.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 2, Ch. 95-318, Laws of Florida.
[2] Section 3, Ch. 95-318, supra.
[3] See, e.g., Finn v. Finn, 312 So.2d 726 (Fla. 1975); andsee, Board of Public Instruction of Dade County v. Dade CountyClassroom Teachers' Association, 243 So.2d 210 (Fla. 3d DCA 1971) (titles to legislative acts may be examined and considered in order to determine the legislative intent); Cook v. BlazerFinancial Services, Inc., 332 So.2d 677 (Fla. 1st DCA 1976) (court may look to the title of an act to aid in the interpretation of the act, but the meaning may not be enlarged by the title).
[4] See, HB 229 (1995). Compare, a subsequent amended version of the bill which required the chief of police to have at least two officers on duty but went on to provide:
"However, for municipal law enforcement agencies with nine or fewer enforcement officers, the chief of police, or appropriate municipal official, may, in lieu of requiring that there be at least two law enforcement officers on duty at all times:
(a) Establish a means for municipal law enforcement officers to request assistance of a routine law enforcement nature from the county sheriff's office; or
(b) Establish a mutual aid agreement, which provides a means to request voluntary cooperation and assistance of a routine law enforcement nature across jurisdictional lines, with another municipal law enforcement agency under chapter 23, Florida Statutes."
And see, Senate Staff Analysis and Economic Impact Statement for CS/SB 314, dated April 24, 1995, which considered the Senate companion bill containing substantially the same language as the House Bill. The staff analysis, in explaining the effect of the proposed changes, states:
"To ensure that there would be a means of communication as well as the ability to respond to an on-duty officer needing assistance, municipal police chiefs would be required to implement at leastone of the following legislative opinions:
1. At least two law enforcement officers must be scheduled to be on duty at all times. Each on-duty officer must have the capability of communicating directly with and responding to another officer when assistance is requested, unless the officer is engaged in another law enforcement activity; or
2. Establish a system to communicate directly with and request routine law enforcement assistance from the county sheriff's office; or
3. Establish a mutual aid agreement with another municipal law enforcement agency. The agreement must provide a means to communicate directly with and request voluntary cooperation and assistance of a routine law enforcement nature across jurisdictional lines." (e.s.)